UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

___

DAVID CHRISTENSON, et al.

        Plaintiffs,

  v.

ALEX AZAR, in his capacity as Secretary
of the United States Department of Health
and Human Services,

        Defendants.

Case No. 20-cv-194

___

### CIVIL L.R. 7(h) EXPEDITED NON-DISPOSITIVE MOTION
### TO EXTEND TIME TO RESPOND TO COMPLAINT

___

      Defendant Azar, Secretary of the United States Department of Health and Human Services "HHS"), by his undersigned attorneys, respectfully seeks non-dispositive relief through this expedited motion brought pursuant to Civil Local Rule 7(h) and General Local Rule 79(d). By this motion, the defendant moves for a 30-day extension of the time, from the current deadline of April 21, 2020 to May 21, 2020, to respond to plaintiffs' complaint. In support of this motion, the defendant states as follows:

      1.    This action involves a claim for Medicare benefits and, as such, arises under 42 U.S.C. § 405(g), as incorporated by 42 U.S.C. § 1395ff (b)(1)(A). The court's task is limited to determining whether the Secretary's final decision is supported by substantial evidence and is free from legal error. *Wood v. Thompson*, 246 F.3d 1026, 1029 (7th Cir. 2001). Substantial evidence means "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971). To determine if substantial evidence exists, the Court reviews the administrative record but does not

re-weigh the evidence, resolve conflicts, decide issues of credibility, or substitute its judgment for the Secretary's. *Clifford v. Apfel*, 227 F.3d 863, 869 (7th Cir. 2000). If the Secretary's factual findings are supported by substantial evidence, they are conclusive. 42 U.S.C. § 405(g); *Wood*, 246 F.3d at 1029.

2. Plaintiffs previously filed suit, along with a number of other plaintiffs, in the U.S. District Court for the District of Columbia, but voluntarily withdrew their complaint after learning they had filed in the incorrect venue.

3. In January 2020, shortly after the plaintiffs filed their initial complaint in the District of Columbia, HHS counsel requested that the HHS Departmental Appeals Board prepare and certify the administrative record for 26 pending cases, including those of the plaintiffs. As set forth in the attached declaration of Angela K. Roach (filed in *Oxenberg et al., v. Azar*, Case No. 1:20-cv-00074 (D.D.C. Feb. 11 2020), it is anticipated that the administrative record for these cases will be prepared and available by April 3, 2020. See Exhibit 1. As explained in Ms. Roach's declaration, the office responsible for preparing the administrative record is facing an unprecedented number of appeals, and as of December 2019 there were 18,000 appeals pending before the Council. *Id.*

4. Undersigned counsel has been advised that the combined records for these two plaintiffs will consist of approximately 8000 pages. Assuming the record becomes available on or near April 3, both HHS and undersigned counsel will need adequate time to process and review the relatively large record in order to provide a meaningful answer to plaintiffs' complaint.

5. To expedite this case as much as possible, the defendant intends to file a certified copy of the administrative record within two-weeks of receiving the record if feasible given delays in processing caused by the current COVID-19 situation.

2

Case 1:20-cv-00194-WCG   Filed 04/03/20   Page 2 of 6   Document 5

6. Counsel for the plaintiffs have advised the undersigned that plaintiffs oppose this motion and intend to file a motion for summary judgment during the week of April 6, 2020, before the defendant files its answer or the administrative record. It that event, the defendant will likely request additional time to prepare its response to the summary judgment motion.

WHEREFORE, the defendant requests that this court grant the defendant a 30-day extension of time, until May 21, 2020, to respond to plaintiffs' complaint.

Respectfully submitted this 3rd day of April, 2020.

        MATTHEW D. KRUEGER
        United States Attorney

By: /s/ Chris R. Larsen

        CHRIS R. LARSEN
        Assistant United States Attorney
        Wisconsin Bar No. 1005336
        Attorneys for Defendant
        Office of the United States Attorney
        Federal Building, Room 530
        517 East Wisconsin Avenue
        Milwaukee, WI 53202
        Telephone: (414) 297-1700
        Fax: (414) 297-4394
        Chris.Larsen@usdoj.gov

UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF COLUMBIA

Lynn Oxenberg et al., )
)
    Plaintiffs )
)
v. ) Civil Action No. 1:20-cv-00074
)
ALEX M. AZAR, )
SECRETARY OF HEALTH AND )
HUMAN SERVICES, )
)
    Defendant. )
)

## DECLARATION OF ANGELA K. ROACH

Pursuant to 28 U.S.C. § 1746, I, Angela K. Roach, declare under penalty of perjury under the laws of the United States, that the following is true and correct:

1. I am the Executive Director and an Administrative Appeals Judge at the Medicare Operations Division ("MOD") of the Departmental Appeals Board ("DAB"). The DAB is a component of the United States Department of Health and Human Services ("HHS"), Office of the Secretary.

2. This Declaration is based on personal knowledge and on documents maintained by MOD in the ordinary course of its operations.

3. MOD supports the Medicare Appeals Council (Council), which provides the final administrative review of claims filed by beneficiaries and health care providers and suppliers for entitlement to Medicare and individual claims for Medicare coverage and payment. As the Executive Director and an Administrative Appeals Judge, one of my



EXHIBIT 1

responsibilities is to compile and certify the administrative records for Council cases that are appealed to federal district court.

4. On January 21, 2020, the HHS Office of the General Counsel contacted my staff regarding the timeframe for processing and certifying the administrative record underlying the decisions in Docket Nos. M-19-2719, M-19-2810, M-19-2777, M-19-2981, M-19-2780, M-19-2985, M-19-2560, M-19-2565, M-19-2648, M-19-2750, M-19-2836, M-19-2990, M-19-2218, M-19-2227, M-19-2426, M-19-2543, M-19-2164, M-19-2169, M-19-2233, M-19-2237, M-19-2723, M-20-75, M-19-2499, M-19-2542, M-19-2649, and M-19-2751. My staff explained to the Office of the General Counsel attorney that, at present, the Council is facing an unprecedented number of appeals. MOD is responsible for both processing the Council's pending cases and preparing the administrative record for each case that is appealed to federal court. As of December 2019, there were close to 18,000 cases pending before the Council. The number of pending appeals represents a significant backlog of cases.

5. The time it takes to prepare an administrative record for certification depends on our current court records caseload as well as the size of the case. In each court records case, the process involves scanning all pages of the record, obtaining a transcript of the hearing, page-numbering the record, creating an index, reviewing the record, and certifying the final record.

6. Presently, the time needed to prepare the administrative record is based on our staff and resources, the size of the case, and the competing priorities of MOD. Requests for certified copies of an administrative record are processed in the order that they are received, and we are currently certifying records in a number of other cases.

7. Due to the current workload of MOD, the other court records requests, and the size of this case, we estimate that the administrative record will be available on approximately April 3, 2020.

8. As my staff explained to the HHS Office of the General Counsel, given the MOD's limited resources and competing priorities, we cannot presently dedicate more time or staff to preparing administrative records in appeals such as the above-captioned case, or otherwise expedite the process for certifying the administrative record in this case.

Date: FEB 11 2020

Angela K. Roach
Administrative Appeals Judge
Medicare Operations Division