# EXHIBIT N

# PARRISH LAW OFFICES

788 WASHINGTON ROAD
PITTSBURGH, PENNSYLVANIA 15228-2021
www.dparrishlaw.com

March 21, 2019

412.561.6250
FAX 412.561.6253
E-mail: info@dparrishlaw.com

***VIA PRIORITY MAIL***
DHHS – OMHA
Centralized Docketing
**Attn: Beneficiary Mail Stop**
200 Public Square, Suite 1260
Cleveland, OH 44114-2316

# BENEFICIARY APPEAL
**RE:** Request for ALJ Hearing
**Beneficiary:** Anniken Prosser
W2973 Farmstead Dr.
Appleton, WI 54915
**Dates of Service:** 1/16/2018; 2/16/2018; 3/16/18; 4/16/18
**HICN:** 4R87U71QM75
**Medicare Appeal No:** 1-8175102470
**Date of QIC Decision:** Jan. 18, 2019
**Device:** Tumor Treatment Field Therapy (E0766)
**Supplier:** Novocure, Inc.
**Our Ref:** 19-51

Dear Claims Coordinator:

As an authorized representative of the above-captioned Medicare beneficiary, Anniken Prosser, I hereby appeal to an Administrative Law Judge the above-captioned decision rendered by the Qualified Independent Contractor ("QIC") C2C Innovative Solutions, Inc. for the claims submitted for tumor treatment field therapy ("TTFT") for a glioblastoma. The QIC denied the claim asserting that there is insufficient documentation to quantify the effects of the device and the published studies do not clearly document the effectiveness of the device. The QIC generally referenced LCD L34823.

Ms. Prosser was diagnosed with a glioblastoma in July 2015. She had surgery and was treated with radiation and chemotherapy. Her clinician also prescribed TTFT. TTFT disrupts and corrupts the division of cancer cells and leads to the death of such cells. In 2011 and 2015, the FDA approved, through its more rigorous review process, a device to deliver TTFT, finding it to be safe and effective for the treatment of glioblastomas. During the clinical trial for newly diagnosed glioblastomas, such as that of Ms. Prosser, the TTFT results were so compelling that at the interim analysis, the Data Safety Monitoring Board recommended that those not receiving TTFT be able to cross over to receive the treatment. The FDA agreed. Thus, the peer-reviewed literature more than adequately reflects the effectiveness of the treatment.

The published, peer-reviewed literature shows the improved clinical survival and the progression-free survival of patients who receive TTFT for their glioblastoma. TTFT for glioblastoma is included in the National Comprehensive Cancer Network ("NCCN") guidelines and is considered the standard of care for newly diagnosed glioblastoma. Hundreds of treating physicians, in all 50 states, have prescribed TTFT. TTFT is covered by all the large national payers. It is used in 59 of the 62 NCD-designated cancer centers. Medicare has paid for numerous claims for medically indistinguishable beneficiaries.

Finally, the DMAC medical directors have already indicated that the LCD does not apply to newly diagnosed glioblastoma, i.e., it is inapplicable to Ms. Prosser's case. In either event, because the 21st Century Cures Act requires the Medicare contractors to list all the evidence considered in support of the LCD, the LCD does not reflect consideration of the any literature, including the most current literature, the LCD is not entitled to deference. Further, a recent production of all the evidence upon which LCD L34823 is based, shows that the LCD has not been kept current with the scientific and clinical evidence. In fact, the LCD record shows that the medical directors have failed to consider any of the peer-reviewed literature, regulatory approvals, technology assessments, indicia of widespread adoption, that evolved after 2014 – a shocking five-year failure for a fatal illness. An LCD which conflicts with the standard of care must be "based on sufficient evidence to convincingly refute evidence presented in support of coverage." No such evidence exists.

Yours very truly,

Debra Parrish on behalf of
Ms. Anniken Prosser

Enclosures:
    Attachment A: Appointment of Representative Form
    Attachment B: Certificate of Service
    Attachment C: CD containing - clinical studies, NCCN guidelines 2013 & 2016 - 2018, payer policies, FDA approvals, statement of adoption, article on clinical trial being stopped, list of patents, prior favorable ALJ decisions *(CD v.17)*

cc:    Ms. Anniken Prosser
       Novocure, Inc., c/o Justin Kelly

# PARRISH LAW OFFICES

788 WASHINGTON ROAD
PITTSBURGH, PENNSYLVANIA 15228-2021
www.dparrishlaw.com

412.561.6250
FAX 412.561.6253
E-mail: info@dparrishlaw.com

April 29, 2019

**_VIA PRIORITY MAIL_**

Judge Joseph Grow
Office of Medicare Hearings and Appeals
Miami Field Office
51 SW 1st Avenue, Suite 1536
Miami, FL 33130-1608

        RE: **Prehearing Brief**
           **ALJ Appeal No. 1-8390277469**
           **Appellant/Beneficiary: A. Prosser**
           **Service: E0766**
           **Dates of Services: 1/16/18, 2/16/18, 3/16/18, 4/16/18**
           **Hearing Date: 5/20/2019**
           **Our Ref. No.: 19-51**

Dear Judge Grow:

  In anticipation of the scheduling of the hearing for the above-captioned case, please find attached a prehearing brief to assist in your analysis.

  If you have any questions regarding the foregoing, please do not hesitate to contact me at (412) 561-6250. We appreciate your consideration.

              Respectfully submitted,


              Debra M. Parrish
              Attorney for A. Prosser

Enclosures:
  Prehearing Brief

cc: Ms. Prosser