# EXHIBIT R

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CAROL A. LEWIS, *et al.*, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | |
| ) | Case No. 18-cv-2929 (RBW) |
| ALEX M. AZAR II, in his official ) | |
| capacity as Secretary of Health and ) | |
| Human Services, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

**DEFENDANT'S MEMORANDUM IN OPPOSITION TO CLASS CERTIFICATION**

*Third*, and finally, the Secretary turns to Rule 23. Plaintiffs must "affirmatively demonstrate" their compliance with that rule to merit class certification. *Comcast Corp. v. Behrend*, 569 U.S. 27, 33 (2013). They have not done so here, principally because a class of twelve does not satisfy the numerosity requirement of Rule 23(a)(1). For that reason, and others discussed below, class certification should be denied.

I.  **Neither plaintiff should be permitted to litigate this case on the merits.**

The Court can resolve this case without addressing plaintiffs' motion for class certification, and it should do so. The Court has jurisdiction over the claim presented by Ms. Lewis, but the only issue that she raises is *res judicata* in her favor. Although Ms. Lewis would prefer to evade the preclusive effect of her judgment in the District of Massachusetts, and litigate this case a second time, the Court has the clear authority to address issue preclusion *sua sponte*. The Court need not entertain repetitious litigation on the merits when an earlier judgment establishes a clear entitlement to relief here. And as the Secretary has explained in his pending motion to dismiss, the Court lacks subject matter jurisdiction over the two claims presented by Mr. Sargent, because both fall short of the Medicare Act's jurisdictional amount in controversy.

A.  **Carol Lewis has won a judgment on this issue; she is therefore entitled to preclusion and payment of her claim, but not to fully litigate a second case.**

Ms. Lewis has already litigated to final judgment against the Secretary the issue of whether her continuous glucose monitor is durable medical equipment under the Medicare statute and regulations. She won. *Lewis v. Azar*, 308 F. Supp. 3d 574, 579 (D. Mass. 2018). But now she would avoid the judgment in her favor and persuade this Court to repeat the exercise. "Once a party has fought out a matter in litigation with the other party, [s]he cannot later renew that duel." *Comm'r v. Sunnen*, 333 U.S. 591, 598 (1948). Ms. Lewis is entitled to the preclusive effect of her earlier victory; she has no right to pretend that it never happened. This Court should

enter judgment in her favor on the grounds of *res judicata* and remand her case to the Secretary, so that he can pay her claim. It should not entertain "repetitious litigation involving . . . the same issue[]" already resolved between these parties. *I.A.M. Nat'l Pension Fund v. Indus. Gear Mfg. Co.*, 723 F.2d 944, 946 (D.C. Cir. 1983).

"The preclusive effect of a judgment is defined by claim preclusion and issue preclusion, which are collectively referred to as 'res judicata.'" *Taylor v. Sturgell*, 553 U.S. 880, 892 (2008); *accord NextWave Pers. Commc'ns Inc. v. FCC*, 254 F.3d 130, 142 (D.C. Cir. 2001) (quoting *I.A.M.*, 723 F.2d at 946). "The objective of the doctrine of issue preclusion (also known as collateral estoppel) is judicial finality; it 'fulfills the purpose for which civil courts had been established, the conclusive resolution of disputes within their jurisdiction.'" *Yamaha Corp. of Am. v. United States*, 961 F.2d 245, 254 (D.C. Cir. 1992) (quoting *Kremer v. Chemical Constr. Corp.*, 456 U.S. 461, 467 n.6 (1982)); *accord Montana v. United States*, 440 U.S. 147, 153 (1979); *Consol. Edison Co. v. Bodman*, 449 F.3d 1254, 1258 (D.C. Cir. 2006) (quoting *Yamaha*).

"Issue preclusion . . . bars 'successive litigation of an issue of fact or law actually litigated and resolved in a valid court determination essential to the prior judgment. . . .'" *Taylor*, 553 U.S. at 892 (quoting *New Hampshire v. Maine*, 532 U.S. 742, 748–49 (2001)); *accord Yamaha*, 961 F.2d at 254 ("The Supreme Court has defined issue preclusion to mean that 'once a court has decided an issue of fact or law necessary to its judgment, that decision'" usually "'preclude[s] relitigation of the issue in a suit on a different cause of action involving a party to the first case.'" (quoting *Allen v. McCurry*, 449 U.S. 90, 94 (1980)); *Cotton v. Heyman*, 63 F.3d 1115, 1119 (D.C. Cir. 1995) ("Generally, issue preclusion bars the relitigation of specific issues decided in a prior proceeding between the same parties."); *McLaughlin v. Bradlee*, 803 F.2d 1197, 1201 (D.C. Cir. 1986) (quoting *Allen*). As the Second Restatement puts it, "When an

issue of fact or law is actually litigated and determined by a valid and final judgment, and the determination is essential to the judgment, the determination is conclusive in a subsequent action between the parties, whether on the same or a different claim." Restatement (Second) of Judgments § 27 (1982); *accord Amador County, Cal. v. Salazar*, 640 F.3d 373, 384 (D.C. Cir. 2011); *Consol. Edison*, 449 F.3d at 1258; *Fogg v. Ashcroft*, 254 F.3d 103, 111 (D.C. Cir. 2001) (all quoting Second Restatement).

Under the D.C. Circuit's three-part test "for establishing the preclusive effect of a prior holding," *Yamaha*, 961 F.2d at 254, Ms. Lewis's previous judgment clearly entitles her to prevail here. "First, the same issue now being raised"—the question of whether continuous glucose monitors are durable medical equipment under the Medicare statute and regulations—was "contested by the parties and submitted for judicial determination in the prior case." *Id.*; *see Lewis*, 308 F. Supp. 3d at 576 (exercising "judicial review" over the Secretary's finding that a "CGM was not covered under the Durable Medical Equipment ('DME') Medicare benefit"). "Second, the issue must have been actually and necessarily determined by a court of competent jurisdiction in the prior case." *Yamaha*, 961 F.2d at 254. It was. *Lewis*, 308 F. Supp. 3d at 579 (holding that the Secretary's interpretation "constituted legal error"). "Third, preclusion in the second case must not work a basic unfairness to the party bound by the first determination." *Yamaha*, 961 F.2d at 254 ("An example of such unfairness would be when the losing party lacked any incentive to litigate the point in the first [case], but the stakes of the second [case] are of a vastly greater magnitude.") The Secretary lost the first case, and does not suggest that entry of judgment for Ms. Lewis on the grounds of issue preclusion would be unfair in any way.

- 9 -

The issue in this case is plainly *res judicata* between Ms. Lewis and the Secretary. The only question is whether Ms. Lewis can avoid the preclusive effect of her first judgment by refusing to raise it here. This Court need not—and should not—permit her to do so.

"It is a sound and important policy in the administration of justice that what has already been done and determined not be redone and redetermined unnecessarily." *Texaco, Inc. v. Hickel*, 437 F.2d 636, 646 (D.C. Cir. 1970). "[W]hile res judicata exists in part to shield parties from duplicative and vexatious litigation, the interests that courts protect are also often their own—or, more precisely, those of society." *Stanton v. D.C. Court of Appeals*, 127 F.3d 72, 77 (D.C. Cir. 1997); *Allen*, 449 U.S. at 94 ("As this Court and other courts have often recognized, . . . collateral estoppel relieve[s] parties of the cost and vexation of multiple lawsuits, conserve[s] judicial resources, and, by preventing inconsistent decisions, encourage[s] reliance on adjudication."); *Parklane Hosiery Co. v. Shore*, 439 U.S. 322, 326 (1979) ("Collateral estoppel . . . has the dual purpose of protecting litigants from the burden of relitigating an identical issue with the same party . . . and of promoting judicial economy by preventing needless litigation."); *see Taylor*, 553 U.S. at 892; *Montana*, 440 U.S. at 153–54. "Courts today are having difficulty giving a litigant one day in court. To allow that litigant a second day is a luxury that cannot be afforded." *Stanton*, 127 F.3d at 77 (quoting *National Treasury Employees Union v. IRS*, 765 F.2d 1174, 1177 (D.C. Cir. 1985)); *see also Federated Department Stores, Inc. v. Moitie*, 452 U.S. 394, 401 (1981) (explaining that "today's crowded dockets" make principles of preclusion "even more compelling").

"As res judicata belongs to courts as well as to litigants, even a *party's* forfeiture of the right to assert it . . . does not destroy a *court's* ability to consider the issue sua sponte." *Stanton*, 127 F.3d at 77 (emphases in original). As the D.C. Circuit has explained, a "district court may

- 10 -

apply res judicata upon taking judicial notice of [the] parties' previous case." *Tinsley v. Equifax Credit Info. Servs.*, 1999 WL 506720, at *1 (D.C. Cir. June 2, 1999) (per curiam) (describing the holding of *Gullo v. Veterans Coop. Housing Ass'n*, 269 F.2d 517 (D.C. Cir. 1959) (per curiam)); *see Amore v. Accore, S.A.*, 484 F. Supp. 2d 124, 129 (D.D.C. 2007); *Burlington Res. Oil & Gas Co. v. U.S. Dep't of the Interior*, 21 F. Supp. 2d 1, 4 n.4 (D.D.C. 1998) (both considering issue preclusion *sua sponte* because the doctrine "belongs to courts as well as to litigants," *Stanton*, 127 F.3d at 77).

The Court should do so here. There is no reason to allow Ms. Lewis to manufacture a second federal case on an issue that she has already won in litigation against the Secretary. When Ms. Lewis received her first judgment, the claim for which she seeks review here was pending before the Medicare Appeals Council. She could simply have asked the Council to recognize the judgment in her favor; if it did not do so, she could have raised a simple plea of *res judicata* in district court. Instead she did neither, accelerating this case to federal court and then attempting to evade the effect of the earlier judgment. The only possible explanation for this stratagem is that Ms. Lewis wishes to serve as a class representative. For the reasons explained below, class certification would be inappropriate even if Ms. Lewis is allowed to litigate her case on the merits once again. But her desire to represent a class does not provide independent grounds for her repetitious claim. Indeed, that argument gets the relationship between individual claims and class claims precisely backwards: a plaintiff can serve as class representative only where she has a "personal stake in the outcome of the lawsuit." *Campbell-Ewald Co. v. Gomez*, 136 S. Ct. 663, 669 (2016) (quotations omitted). Ms. Lewis no longer has anything at stake in the Court's resolution of the merits of this case.

"Preclusion doctrine provides ample means to dispose of repetitive suits like this one." *McLaughlin*, 803 F.2d at 1201. As the Supreme Court has long held, "matters which were actually litigated and determined in the first proceeding" between two parties "cannot later be relitigated." *Sunnen*, 333 U.S. at 598. And "[t]here is . . . an important judicial concern at stake" in the application of issue preclusion here. *National Treasury Employees Union*, 765 F.2d at 1177. Ms. Lewis has litigated this issue once already, and she has prevailed. She is therefore entitled to payment of her claim for benefits. But Ms. Lewis has no right to needlessly consume the resources of the federal courts—and the Secretary, as well—by demanding a second determination on the merits.

Rather than entertaining repetitious litigation, this Court should take judicial notice of her earlier case, enter judgment on *res judicata* grounds, and remand her claim to the Secretary for payment of benefits.

### B. This Court lacks subject matter jurisdiction over Douglas Sargent's claims, which should be dismissed.

As the Secretary has explained in his pending motion to dismiss, Mr. Sargent's claims both fall short of the Medicare Act's minimum amount in controversy for judicial review, and this Court therefore lacks jurisdiction over them. For the convenience of the Court, and because these arguments are also relevant to certain issues regarding class certification, the Secretary briefly restates them here.

After exhausting administrative remedies, a Medicare beneficiary is "entitled . . . to judicial review of the Secretary's final decision," but "judicial review shall not be available to the individual if the amount in controversy is less than" an inflation-indexed sum, which stood at $1,600 when this suit was filed. 42 U.S.C. § 1395ff(b)(1)(A), (E)(i), (iii); *see* 83 Fed. Reg. at 47,620. Mr. Sargent seeks judicial review of two final decisions of the Secretary, each of which

Plaintiffs have failed to affirmatively demonstrate the superiority of class litigation, as required by Rule 23(b)(3)—and that failure is especially acute as to the potential class members who participate in the Medicare Advantage program.[15]

## CONCLUSION

This Court should 1) dismiss Mr. Sargent's claims for lack of subject matter jurisdiction, 2) take judicial notice of the preclusive effect of Ms. Lewis's earlier judgment and enter judgment in her favor on the grounds of *res judicata*, and 3) deny the motion for class certification as moot. If the Court proceeds to the merits of the class certification motion, it should deny that motion for the reasons set forth above, chief among them plaintiffs' failure to establish numerosity as required by Rule 23(a)(1).

Respectfully submitted,

JOSEPH H. HUNT
Assistant Attorney General

MICHELLE BENNETT
Assistant Director, Federal Programs Branch

*/s/ James Bickford*
JAMES BICKFORD
Trial Attorney (N.Y. Bar No. 5163498)
United States Department of Justice
Civil Division, Federal Programs Branch
1100 L Street, NW
Washington, DC 20530

---

[15] In accordance with Local Civil Rule 23(c), the Secretary respectfully suggests that the Court should "postpone a determination of the matter" of "how, when, by whom, and to whom the notice required by Fed. R. Civ. P. 23(c)(2) shall be given" until after the motion for class certification is decided, as the appropriate method of notice is likely to depend on the size of any class that may be certified. In addition, if the Court grants class certification, the Secretary suggests that it do so in general terms, and allow the parties to address the technical details of the class composition (which billing codes indicate class membership, for example) in any post-certification briefing.

James.Bickford@usdoj.gov
Telephone: (202) 305-7632
Facsimile: (202) 616-8470

Date: April 21, 2020

*Counsel for Defendant*