UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

ANNIKEN PROSSER,

      Plaintiff,

   v.

ALEX AZAR, in his capacity as Secretary
of the United States Department of Health
and Human Services,

      Defendant.

Case No. 20-cv-194

---

MEMORANDUM IN OPPOSITION TO PLAINTIFF'S MOTION FOR RECONSIDERATION
AND ALTERNATIVE MOTION FOR §1292(b) CERTIFICATION

---

Defendant Alex Azar, Secretary of the Department of Health and Human Services, by his undersigned attorneys, submits this response to plaintiff Anniken Prosser's motion for reconsideration of the Court's Decision and Order granting defendant's motion for summary judgment (Doc. 21) or in the alternative for certification of an immediate appeal. Defendant opposes both motions, for the reasons that follow.

### I. This Court Correctly Held Collateral Estoppel is Unavailable.

The Secretary first opposes plaintiff's motion for reconsideration because the law well-supports that Court's decision on collateral estoppel. Pursuant to Rule 54(b), an order that "adjudicates fewer than all claims or rights . . . may be revised at any time before the entry of a judgment adjudicating all claims." *See Dietz v. Bouldin*, 136 S. Ct. 1885, 1892 (2016) (explaining that "a district court ordinarily has the power to modify or rescind its orders at any point prior to final judgment."); *Deimer v. Cincinnati Sub-Zero Prod.*, 990 F. 2d 342, 345–46 (7th Cir. 1993) (explaining that a district court retains the power to change an order until entry of a final,

1

appealable judgment). Yet a motion for reconsideration should not be used to make arguments that could have been made in the original motion, or to repeat arguments actually made. *See Rothwell Cotton Co. v. Rosenthal & Co.*, 827 F.2d 246, 251–52 (7th Cir. 1987); *Fletcher v. Hoeppner Wagner & Evans, LLP*, 2017 WL 6444488, at *3 (N.D. Ind. 2017). "A district court may reconsider a prior decision when there has been a significant change in the law or facts since the parties presented the issue to the court, when the court misunderstands a party's arguments, or when the court overreaches by deciding an issue not properly before it." *United States v. Ligas*, 549 F.3d 497, 501–02 (7th Cir. 2008); *see Bank of Waunakee v. Rochester Cheese Sales*, 906 F.2d 1185, 1191–92 (7th Cir. 1990). None of plaintiff's arguments meet this standard.

Plaintiff argues that the Court erred in both relying on the Medicare regulations to hold that collateral estoppel is unavailable and placing the burden on plaintiff to show that collateral estoppel is permissible. Plaintiff relies on *United States v. Texas*, 507 U.S. 529 (1993) to argue that the Court could rely only on statutory language to determine whether collateral estoppel is available, and *Green v. Bock Laundry Machine Company*, 490 U.S. 504 (1989), to assert the Secretary bears the burden of showing collateral estoppel is unavailable. Plaintiff further takes issue with the Court's citation to the Restatement (Second) of Judgments § 83 (1982), which states a tribunal can limit the conclusive effect of its decision in subsequent proceedings, and the Court's explanation that allowing ALJ decisions to have preclusive effect would be contrary to the presentment requirement of the Medicare statute. Lastly, plaintiff continues to press her argument that the Secretary was fully represented before the ALJ.

None of these arguments meets the requirements for a motion for reconsideration. Plaintiff does not argue that there has been a change in law or facts, or that the Court misunderstood her position. Instead, Plaintiff merely repeats a number of arguments she previously made or could

have made. *See Caisse Nationale de Credit Agricole v. CBI Indus.*, 90 F.3d 1264, 1269–70 (7th Cir. 1996) (reconsideration was properly denied where party could have presented arguments in original briefing); *DeKeyser v. Thyssenkrupp Waupaca Inc.*, No. 8-C-488, 2017 WL 6501874, at *2 (E.D. Wisc. Dec. 19, 2017) (Griesbach, J.) (explaining that "a motion to reconsider is not a proper vehicle for rehashing arguments").

In the Secretary's motion for summary judgment, he argued that the Medicare statute and regulations "bar the application of collateral estoppel to ALJ decisions," and proceeded to discuss how the regulations, in addition to the Medicare statute, limited the precedential effect of ALJ decisions. Doc. 13, at 15–17. Plaintiff had the opportunity to respond and did so by arguing, in part that "[r]egulations are not statutes or legislation." Doc. 16, at 22–23. In her present motion, Plaintiff cites for the first time *United States v. Texas*, 507 U.S. 529 (1993), which she could have presented in her original briefing.[1] Similarly, there is no reason plaintiff could not have raised her argument regarding the burden of showing the applicability of estoppel in her original briefing, as the case she relies on, *Green v. Bock Laundry Machine Company*, 490 U.S. 504 (1989), was also available. Additionally, the Secretary explicitly relied on the Restatement (Second) of Judgments § 83 (1982) in his briefing and argued that allowing collateral estoppel would interfere with the Medicare statute's presentment and channeling requirements. Doc. 13, at 17, 22–23. Plaintiff could have addressed both arguments, and did reference the Restatement in her briefing. Doc. 16, at 22. Arguments about whether the Secretary was fully represented before the ALJ were also thoroughly

---

[1] Plaintiff's reliance on *United States v. Texas*, 507 U.S. 529 (1993), is misplaced given that it does not address administrative estoppel. *Astoria Federal Savings and Loan Association v. Solimino*, 501 U.S. 104 (1991), on the other hand, specifically discusses administrative estoppel and how this Court should analyze the question of whether collateral estoppel is consistent with Congress' intent.

addressed by both parties. Doc. 13, at 27–29; Doc. 16, at 6–8. In her motion for reconsideration, plaintiff merely repeats the arguments from her summary judgment motion, or offers arguments that she could have raised at that time. As such, she does not meet the legal standard for reconsideration.

Furthermore, there are no legal or factual errors in the Court's decision. Contrary to plaintiff's assertions, *Astoria Federal Savings and Loan Association v. Solimino*, 501 U.S. 104 (1991) does not hold that this Court cannot rely on both federal statutes and regulations. The Supreme Court explained there is a presumption that "Congress is understood to legislate against a background of common-law adjudicatory principles. . . . [and that] the courts may take it as a given that Congress has legislated with an expectation that principle will apply" in the absence of a contrary statutory purpose. *Id.* at 108. The Court goes on to state that "[t]his interpretative presumption is not, however, one that entails a requirement of clear statement, to the effect that Congress must state precisely any intention to a given statutory scheme." *Id*. This presumption, in the context of administrative estoppel, applies "where Congress has failed expressly or impliedly to evince any intention on the issue," meaning the question is "whether a common-law rule of preclusion would be consistent with Congress' intent in enacting" the statute. *Id.* at 110 (quoting *Univ. of Tenn. v. Elliott*, 478 U.S. 788, 796 (1986) (quotation marks omitted)).

Mirroring the reasoning in *Astoria*, this Court properly determined that the deference accorded to the Secretary in this area means that the common-law rule of preclusion would be inconsistent with Congress' intent in enacting the Medicare statutory scheme.[2] The deference

---

[2] This Court correctly noted that under the Medicare Act, the Secretary has broad authority to "promulgate regulations," 42 U.S.C. §§ 1395ff(a)(1); 1395hh, to determine whether a treatment is "reasonable and necessary," 42 U.S.C. § 1395y(a)(1)(A); *Heckler v. Ringer*, 466 U.S. 602, 617 (1984), to determine the right to judicial review afforded to Medicare coverage determinations, 42

4

afforded to the Secretary's Medicare regulations as well as the courts' recognition of the complexity of the Medicare coverage scheme provides further support for this Court's conclusion that collateral estoppel would simply be unworkable in the context of determining Medicare coverage. Doc. 21, at 10, 14; *see Ringer*, at 614, 625; *Thomas Jefferson Univ. v. Shalala*, 512 U.S. 504, 512 (1994); *Shalala v. Guernsey Mem'l Hosp.*, 514 U.S. 87, 97 (1995); *Wilkins v. Sullivan*, 889 F.2d 135, 140 (7th Cir. 1989); *Duvall v. Attorney Gen. of U.S.*, 436 F.3d 382, 387–88 (3d Cir. 2006)(collateral estoppel is inapplicable when it would "impede effective functioning of agency.").

Plaintiff's remaining arguments provide no reason to disturb this Court's order. Even assuming the Secretary bears the burden of showing collateral estoppel is unavailable, *cf. In re Calvert*, 913 F.3d 697, 701 (7th Cir. 2019) (burden was on party invoking collateral estoppel), the Secretary has met this burden. Plaintiff's argument that this Court incorrectly applied the Restatement (Second) of Judgments § 83 (1982) because it ignored legislative policy is misplaced. As discussed above, this Court properly determined Congress' intent by examining the deference afforded to the Secretary, the Medicare statute's promise of judicial review, and the presentment and channeling requirements. The Court also correctly concluded that collateral estoppel would render the judicial review and presentment requirements pro forma because the Secretary would be precluded from applying the Medicare statute's stricture to determine coverage for each unique claim based, in part, on whether it is "reasonable and necessary," 42 U.S.C. § 1395y(a)(1)(A). The necessary review of each claim would be stripped as single, limited ALJ decisions suddenly determine the coverage for multiple, differing claims. *See Duvall*, 436 F.3d, at 387–88 (collateral

U.S.C. §§ 1395hh, 1395ii, and to impose presentment and channeling requirements, 42 U.S.C. § 405(g).

5

estoppel is inapplicable when it would "impede effective functioning of agency."). Lastly, the Court properly concluded it is virtually impossible for the Secretary to participate in all beneficiary appeals, and thus ALJ decisions cannot form the basis for collateral estoppel given that, without the Secretary's participation, the necessary deliberation has not taken place.

**II.     Plaintiff's request for an immediate appeal should be denied as unnecessary.**

The Secretary also opposes certification pursuant to 28 U.S.C. § 1292(b) because the Court's Decision does not involve a pure question of law as to which there is a substantial ground for difference of opinion, nor would an immediate appeal advance in an efficient way the ultimate disposition of this Medicare coverage case. To merit certification for interlocutory review, a court must determine that the order involves "a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b). The Seventh Circuit rarely grants these petitions, in line with the policy against "piecemeal appeals" in federal law. *See Switz. Cheese Ass'n v. E. Horne's Mkt.*, 385 U.S. 23, 24(1966) (explaining that "federal law expresses the policy against piecemeal appeals"); *Ahrenholz v. Bd. of Trs. of Univ. of Ill.*, 219 F.3d 674, 675 (7th Cir. 2000) (explaining that, by 2000, the Court had granted only six of 31 petitions).

A "question of law" is a "pure" question of law, "something the court of appeals could decide quickly and cleanly without having to study the record." *Ahrenholz*, 219 F.3d at 677; *see Boim v. Quranic Literacy Inst. and Holy Land Found. for Relief and Dev.*, 291 F.3d 1000, 1007 (7th Cir. 2002). It is controlling if there is a strong likelihood resolution of the issue would affect the rest of the litigation. *See Sokaogoan Gaming Enter. Corp. v. Tushie Montgomery Assoc.*, 86 F.3d 656, 659 (7th Cir. 1996); *Katz v. Carte Blanche Corp.*, 496 F.2d 747, 755 (3d Cir. 1974). For

6

there to be a "substantial ground for difference of opinion," there must be more than plaintiff's disagreement with a ruling; rather, there must be a valid dispute about the correct legal standard. *See Couch v. Telescope Inc.*, 611 F.3d 629, 633–34 (9th Cir. 2010) (explaining that counsel's contention one line of precedent controls over another is insufficient); *In re Flor*, 79 F.3d 281, 284 (2d Cir. 1996) (explaining that even questions of first impression may not warrant certification of an interlocutory appeal); *White v. Nix*, 43 F.3d 374, 378 (8th Cir. 1994) (explaining that "substantial ground for difference of opinion does not exist merely because there is a dearth of cases."); *FDIC v. First Nat'l Bank of Waukesha*, 604 F.Supp.616, 620 (E.D. Wisc. 1985) (explaining even if "there is a lack of authority on disputed issue" an interlocutory appeal may not be warranted."); 9C, C. Wright & A. Miller, Federal Practice and Procedure § 3930 (3d ed.). To "materially advance the ultimate termination of the litigation," the appeal should "speed up" litigation. *Ahrenholz*, 219 F.3d at 675; *see Sterk v. Redbox Automated Retail*, 672 F.3d 535, 536 (7th Cir. 2012); *Kirchen v. Guar. Nat'l Ins. Co.*, 422 F.Supp. 58, 61 (E.D. Wis. 1976) (explaining that "Congress did not intend to authorize interlocutory appeals in ordinary suits . . . that can be tried and disposed of on their merits in a few days of trial."). An order must meet each of these factors to be certified. *See Ahrenholz*, 219 F.3d at 676. Contrary to plaintiff's assertions, the Court's order meets none of these requirements.

First, the Court's order does not involve pure questions of law because, in addition to reviewing Medicare's complex statutory and regulatory framework, any analysis of collateral estoppel by the Seventh Circuit would require delving into the details of the administrative record, as questions of collateral estoppel necessitate investigation of the underlying merits of the Secretary's decision. *See In re Valleau*, 2009 WL 196955, at *2–3 (W.D. Wis. 2009) (denying

7

certification for interlocutory appeal where court would be required to immerse itself in record to determine if it would be "fundamentally fair to apply collateral estoppel.")

Second, whether collateral estoppel is permissible is not a controlling question of law in this case. Even if collateral estoppel applied to Medicare coverage decisions generally, which the Secretary maintains it does not, plaintiff has failed to meet all four required elements of collateral estoppel. *See In re Calvert*, 913 F.3d 697, 701 (7th Cir. 2019). For instance, the first element of collateral estoppel is whether the issues in the relevant ALJ decisions are the same. Here they clearly were not, because the coverage determinations are limited to specified time periods, outside of which a claimant's medical condition or treatment options could change. Nor were the same issues actually litigated in each ALJ appeal—the second element of collateral estoppel—because broad, indefinite coverage for tumor treatment field therapy (TTFT) was not a question raised before the ALJs. The limitations on the scope of coverage decisions is in line with the fact that whether a treatment is "reasonable and necessary," as required for Medicare coverage per 42 U.S.C. § 1395y(a)(1)(A), is partly dependent on a patient's condition (which changes) and whether a treatment is prescribed by qualified personnel in accordance with accepted standards of medical practice (which also change). This court further found (appropriately) that the Secretary was not "fully represented" at all the ALJ hearings, the fourth element necessary for collateral estoppel. As the court correctly explained, given the number of appeals, it is "virtually impossible for the Secretary to be represented at every ALJ-level hearing." Doc. 21, at 13. Given these considerations, even assuming plaintiff were successful on interlocutory appeal, that would not end the litigation because the case would have to be remanded for an application of the four elements of collateral estoppel to plaintiff's particular case.

8

Third, there is no disagreement between plaintiff, the Secretary, and this Court that the Supreme Court in *Astoria Federal Savings and Loan Association v. Solimino*, 501 U.S. 104 (1991), supplied the legal framework for evaluating whether the judicially unreviewed findings of an administrative agency could have preclusive effect. Plaintiff merely disagrees with the ruling, which is not sufficient to certify the order for interlocutory review. *See Newsome v. Wisc. Cent.*, 13-CV-1379, 2015 WL 6872360, at *4 (E.D. Wis. Nov. 9, 2015) (finding that no substantial ground for difference of opinion where court parties and court agreed on appropriate legal standard); *Cardona v. Gen. Motors Corp.*, 939 F.Supp.351, 353 (D.N.J. 1996) (explaining that "the 'difference of opinion' must arise out of genuine doubt as to the correct legal standard."). As discussed above, Supreme Court and Seventh Circuit case law supports this Court's order. Plaintiff's opinion, although contrary, is not similarly supported and, as such, presents no "substantial ground" that can be evaluated.

Fourth, permitting an immediate appeal would delay, rather than advance, the termination of this litigation.[3] There is only one question remaining in the litigation as to Ms. Prosser—whether substantial evidence supports the Secretary's decision. Answering this question would require a single round of briefing focusing solely on this issue.[4] Hence, the case is now within "shouting distance" of a final resolution. *See Sokaogon*, 86 F.3d at 659 (discussing whether the district court

---

[3] Plaintiff did not request a stay in the event this Court certifies its order for interlocutory review (although it appears plaintiff argues that certification would help avoid unnecessary litigation expenses and thus does not wish the litigation to proceed in this Court in the event of certification). Pl.'s Mot. at 14. *See* 28 U.S.C. § 1292(b) (stating that certifying an appeal under this subsection "shall not stay proceedings in the district court unless the district judge or the Court of Appeals" orders a stay.) The Secretary respectfully requests that, in the event of certification, the Court stay further proceedings.

[4] It is the Secretary's position that any argument by plaintiff relying on *Azar v. Allina Health Services*, 139 S.Ct. 1804 (2019), can be adequately addressed as part of the standard merits briefing.

9

was within "shouting distance of entering of final judgment"); 9C, C. Wright & A. Miller, Federal Practice and Procedure § 3930 (3d ed.) (explaining that "If trial of the case can be had in a few days, the possibility of saving relatively small amounts of trial-court time is not thought to be sufficient to justify immediate appeal.").

Lastly, there is no immediacy for the Seventh Circuit to hear plaintiff's arguments regarding collateral estoppel. Even assuming that after appeal from a final judgment the Seventh Circuit were to agree with plaintiff that collateral estoppel is available *and* that all the elements are met, plaintiff's remedy (and the state of the case) will be the same as it is now, and the Seventh Circuit will still be able to fully address plaintiff's position on collateral estoppel after a final judgment. *See* 9C, C. Wright & A. Miller, Federal Practice and Procedure § 3930 (3d ed.) (explaining that § 1292(b) provides a way "of securing review of questions that elude effective review on appeal from final judgment."). Ms. Prosser was not financially liable for payment of the denied claims, as held by the ALJ decision, nor is there any indication she missed or will miss treatments because of the ALJ decision. Assuming she prevails on both collateral estoppel arguments on appeal from a final judgment, at that time Novocure would receive payment for *past* services related to Ms. Prosser's TFTT treatment on January 16, 2018, February 16, 2018, March 16, 2018, and April 16, 2018. The decision would not affect future Medicare reimbursements, even assuming Ms. Prosser is again prescribed and treated with TFTT, as the new claims for reimbursement would be evaluated under the new Local Coverage Determination, effective as of September 1, 2019.

10

Case 1:20-cv-00194-WCG   Filed 08/19/20   Page 10 of 11   Document 26

For the foregoing reasons, the Secretary respectfully requests that the Court deny plaintiff's alterative motions to reconsider or for certification of an interlocutory appeal.

Dated at Milwaukee, Wisconsin this 19th day of August, 2020.

        Respectfully submitted,

        MATTHEW D. KRUEGER
        United States Attorney

By:  /s/ Chris R. Larsen

        CHRIS R. LARSEN
        Assistant United States Attorney
        Wisconsin State Bar Number: 1005336
        Attorneys for Defendant
        Office of the United States Attorney
        Eastern District of Wisconsin
        517 East Wisconsin Avenue, Room 530
        Milwaukee, Wisconsin  53202
        Telephone: (414) 297-1700
        Fax: (414) 297-4394
        Email: chris.larsen@usdoj.gov

        Of Counsel:
        ROBERT P. CHARROW
        General Counsel

        ALAN S. DORN
        Chief Counsel, Region V

        AMELIA WALLRICH
        Assistant Regional Counsel
        Office of General Counsel
        United States Department of
        Health and Human Services, Region V
        233 North Michigan Avenue, Suite 700
        Chicago, Illinois 60601