UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

DAVID CHRISTENSON &
ANNIKEN PROSSER,
          *Plaintiffs,*

v.                                     Case No. 20-cv-194

ALEX AZAR, in his capacity as Secretary
of the United States Department of Health
and Human Services,
          *Defendant.*

## AMENDED REPLY RE: MOTION FOR RECONSIDERATION AND ALTERNATIVE MOTION FOR §1292(b) CERTIFICATION

    Mrs. Prosser's motion for reconsideration and/or certification under 28 U.S.C. § 1292(b) should be granted. This Court should reject the Secretary's principal argument that this Court should not correct manifest errors (on alleged procedural grounds), even though the Secretary concedes the Court's Order fails to follow the mandates of the Supreme Court and the Seventh Circuit (at least with regard to the burden of persuasion). Opp. at 1-3.

    During the conference held on July 21, 2020, this Court noted that, if this matter proceeded to the merits, appellate review of collateral estoppel would either be unavailable (in the event Mrs. Prosser prevails on the merits)[1] or rendered largely ineffective (because Mrs. Prosser already will have incurred the expense and uncertainty of relitigating the merits that collateral estoppel exists

---

[1] If Mrs. Prosser prevails on the merits, she cannot appeal and there will be no appellate review at all unless the Secretary appeals. Even if the Secretary appeals, the appellate court could affirm without addressing the collateral estoppel ruling. While the collateral estoppel issue would evade review, it will not go away. Based on subsequent denials by the Secretary, right now Mrs. Prosser could file an additional suit in district court. Assuming Mrs. Prosser wins the present case on the merits, in the second case Mrs. Prosser would, again, assert collateral estoppel. If the Court were to again deny Mrs. Prosser's motion, Mrs. Prosser would yet again be put to her merits proof and the collateral estoppel issue would, again, evade review.

1

to prevent). Thus, absent reconsideration and reversal of the Court's ruling, the Court noted that (absent reconsideration) certification under § 1292(b) is the only route to avoid these evils. Rather than rebut these points, the Secretary's opposition affirmatively argues that these harms should be visited on Mrs. Prosser. There is no merit to that position.

## I. RECONSIDERATION

As indicated in the moving papers, reconsideration may be granted when the Court has committed a "manifest error" constituting the "wholesale disregard, misapplication, or failure to recognize controlling precedent." Mot. at 1. "Misapplication" implies that a court knew of controlling precedent, while "failure to recognize" implies that a court did not know of controlling precedent. This Court should reject the Secretary's procedural argument that the Court should not correct errors that the Secretary concedes are manifest because, *e.g.*, the Court knew of *Astoria* and (apparently) did not know of *U.S. v. Texas*. Opp. at 1-3. Further, as the Secretary acknowledges, at any time prior to appeal this Court may reverse or modify a prior decision should the Court's view of the matter change. Moreover, one purpose of reconsideration is to enable a district court to correct its own errors and thus avoid unnecessary appellate procedures. *See, e.g., Divane v. Krull Elec. Co.*, 194 F.3d 845, 848 (7th Cir. 1999).

Substantively, as noted in Mrs. Prosser's motion, given the presumption of the application of the common law, the burden of showing that Congress intended that the common law doctrine of collateral estoppel to not apply to Medicare cases was on the Secretary. *See Green v. Block Laundry Machine Co.*, 490 U.S. 504, 521 (1989) ("A party contending that legislative action changed settled law has the burden of showing that the legislature intended such a change."). This Court committed manifest error when it instead placed the burden on Mrs. Prosser to show that the settled common law doctrine of collateral estoppel applies to Medicare cases. Mot. at 5-6.

2

In opposition, the Secretary does not appear to dispute that the Court erred in assigning the burden to Mrs. Prosser. Instead, Secretary asserts that "even assuming the Secretary bears the burden of showing collateral estoppel in unavailable, the Secretary has met the burden." Opp. at 5.[2] This Court has not decided whether the Secretary met his burden of showing that Congress did not intend for collateral estoppel to apply to Medicare cases – that is the problem. On reconsideration, that would be an issue for this Court to decide after properly applying the presumption and looking to the statute (not regulations) to determine Congress' intent. Instead, this Court improperly placed the burden of showing that common law doctrine of collateral estoppel applied to Medicare cases on Mrs. Prosser and determined that collateral estoppel did not apply to Medicare cases because Mrs. Prosser had not met this non-existent burden. That was manifest error which the Secretary does not appear to dispute.

In Mrs. Prosser's view, given the presumption, the Court's determination that the Medicare Act does not "speak directly" to the issue of collateral estoppel compels the conclusion that collateral estoppel applies in Medicare cases. Given the presumption, the party with the burden of overcoming the presumption cannot meet that burden when the statute is silent. Thus, assigning the burden of overcoming the presumption is not some box-ticking exercise. Instead, it is outcome determinative.

The Secretary asserts that citation to *U.S. v. Texas*, 507 U.S. 529 (1993) is "misplaced" because it allegedly does not address estoppel. Opp. at 3, n. 1. *U.S. v. Texas* issued 2 years after

---

[2] The Secretary's citation to *In re: Calvert*, 913 F.3d 697, 701 (7th Cir. 2019) is inapposite. As indicated, given the presumption, the Secretary bears the burden of showing that Congress intended that collateral estoppel not apply to Medicare cases. Only after it is determined that collateral estoppel applies to Medicare cases, generally, will Mrs. Prosser bear the burden of showing that collateral estoppel applies in this particular case. That is a matter Mrs. Prosser has never disputed.

3

*Astoria*, which issued in 1991. Because *U.S. v. Texas* discusses the general presumption in favor of applying the common law (of which collateral estoppel is just one part) and how to determine whether that presumption has been overcome, naturally, *U.S. v. Texas* is replete with citations to *Astoria*. Indeed, the full passage related to the "speak directly" requirement states:

> Just as longstanding is the principle that "[s]tatutes which invade the common law … are to be read with a presumption favoring the retention of long-established and familiar principles, except where a statutory purpose to the contrary is evident." *Isbrandtsen Co. v. Johnson*, 343 U.S. 779, 783, 72 S.Ct. 1011, 1014, 96 L.Ed. 1294 (1952); *Astoria Federal Savings & Loan Assn. v. Solimino*, 501 U.S. 104, 108, 111 S.Ct. 2166, 2169-2170, 115 L.Ed.2d 96 (1991). In such cases, Congress does not write upon a clean slate. *Astoria*, *supra*, at 108, 111 S.Ct., at 2169-2170. In order to abrogate a common-law principle, the statute must "speak directly" to the question addressed by the common law. *Mobil Oil Corp. v. Higginbotham*, *supra*, 436 U.S., at 625, 98 S.Ct., at 2015; *Milwaukee v. Illinois*, 451 U.S. 304, 315, 101 S.Ct. 1784, 1791, 68 L.Ed.2d 114 (1981).

*U.S. v. Texas*, 507 U.S. at 534. *U.S. v. Texas* is directly on point to the issues faced in this case (*i.e.*, whether there is a presumption and how it may be overcome). As Mrs. Prosser noted in her moving papers, this Court erred when, having concluded that no portion of the Medicare statute "spoke directly" to the common law issue of collateral estoppel (and, therefore, that the presumption was not overcome), this Court nevertheless concluded that collateral estoppel did not apply to Medicare cases. The Secretary's opposition is itself silent on the "speak directly" error in the July 6, 2020 decision.

With regard to the presumption itself, without any support whatsoever, the Secretary apparently asserts that the Court can "rely on *both* federal statutes and regulations" to determine the applicability of collateral estoppel. Opp. at 4 (emphasis added). Every relevant case from the Supreme Court (and the Seventh Circuit) has held that Congressional intent must be determined by looking at the statutes passed by Congress, rather than mere regulations enacted by the Secretary. *See Astoria*, 501 U.S. at 109-10 ("absent clearly expressed congressional intent to the contrary"); *U.S. v. Texas*, 507 U.S. at 534-535 ("except where a *statutory purpose* to the contrary

4

is evident", "an expression of legislative intent to supplant"); *Green*, 490 U.S. at 521 (must show "legislature intended such a change"); *Meyer v. Rigdon*, 36 F.3d 1375, 1379 (7th Cir. 1994) ("The purpose of Congress is the ultimate touchstone.") (internal citations and quotations omitted). Again, this Court committed manifest error when it did not follow the mandate of the Supreme Court and the Seventh Circuit to look only to Congressional intent (as reflected in the statute) and instead looked to the Secretary's intent (as reflected in mere regulations).

The Secretary did not address the holding of *BFP v. Resolution Trust Corp.*, 511 U.S. 531, 543 (1994) that the presumption of the common law is not overcome if a statute is compatible with preexisting practice. Thus, to the extent that this Court relied on the statutory provision allowing the Secretary to promulgate regulations as a basis to overcome the presumption, that was also in error because (in addition to not "speaking directly" to the issue) the text of the statute is consistent with the preexisting common law practice of applying collateral estoppel.

One case cited by the Secretary merits some comment. The Secretary cites *Duvall v. Attorney General of the U.S.*, 436 F.3d 382 (3rd Cir. 2006) for the proposition that collateral estoppel does not apply if it would "impede the effective functioning of [an] agency." *Id*. at 387-88; Opp. at 5. "Impede effective function" is not a standard articulated by the Supreme Court with regard to the presumption in favor of the common law or how that presumption may be overcome.[3] Indeed, in the referenced passage, *Astoria* and *Utah Construction* are cited and neither uses that

---

[3] To date, there has been no explanation of how applying collateral estoppel could "impede the effective functioning" of the agency. Because mutuality is required, collateral estoppel only applies to a particular litigant. Thus, a decision in Mrs. Prosser's favor would be limited to Mrs. Prosser and have no effect on claims by other beneficiaries. Further, of course, by avoiding repetitious litigation (one of the purposes of collateral estoppel), it is to be expected that applying collateral estoppel would improve the functioning of the agency. In any event, whatever the alleged burden, whether collateral estoppel should apply to Medicare cases is a policy issue for Congress to decide and through its reliance on the common law, Congress has already made that determination.

approach. Instead, the proper standard as articulated in *Astoria*, *U.S. v. Texas*, *BFP*, and *Meyer*, is to determine what the statutes passed by Congress provide.

Nevertheless, even in *Duvall*, in light of the presumption and the statutory language, the Third Circuit determined that collateral estoppel applied to INS proceedings. *Duvall*, 436 F.3d at 389 ("Those opinions which have held that collateral estoppel does not apply in a particular administrative context have been premised on language in the governing statute expressing a contrary intent, language which does not appear in the INA."). As this Court recognized, no such language appears in the Medicare Act.

The Secretary is silent on the other issues addressed in Mrs. Prosser's motion. For example, Mrs. Prosser showed that there was no evidence to support the Court's conclusion that it is "virtually impossible" for the Secretary to be represented "at every ALJ-level hearing." Mot. at 11; Decision at 13. As Mrs. Prosser has noted, pursuant to 42 U.S.C. § 405.1012(a), if a beneficiary is not represented by counsel, then the Secretary (through his representative CMS) may *not* appear as a party, call witnesses, or cross-examine witnesses, etc. By contrast, when a beneficiary is represented, the Secretary has all the rights of a litigant. Thus, regardless of how many ALJ hearings there are, it is only those where the beneficiary is represented by counsel that implicate the application of collateral estoppel against the Secretary. The Secretary has never offered any evidence of how many such hearings there are and, therefore, there is no evidence to support the Court's conclusion.

While Mrs. Prosser disputes the factual basis for the Court's conclusion, Mrs. Prosser also contends that this is an issue that already has been determined by the Supreme Court. That is, in *U.S. v. Mendoza*, 464 U.S. 154 (1984), the Supreme Court noted, *e.g.*, that the United States is a party to ~36% of the district court cases filed in a given year. In consideration of this fact, *inter*

6

Case 1:20-cv-00194-WCG   Filed 09/03/20   Page 6 of 11   Document 28

*alia*, the Supreme Court held that non-mutual collateral estoppel would not apply to the United States. At the same time, however, the Supreme Court affirmed the long-standing rule that mutual (even offensive) collateral estoppel applied to the United States. *Id.* at 159-164.

For each of the above reasons, the Court should reconsider and reverse the July 6, 2020 decision.

## II. CERTIFICATION

In Mrs. Prosser's view, if the Court decides to certify this matter under 28 U.S.C. § 1292(b), the Court should certify the following question:

> Does collateral estoppel apply to Medicare cases, where the decision on which collateral estoppel is based was not designated "precedential" by the Medicare Appeals Council and where the beneficiary was represented?

This is the fundamental matter of law on which this Court's July 6, 2020, decision was based. This question subsumes the issues of alleged "volume" and lack of "finality" precluding the application of collateral estoppel. Moreover, the proposed question is not dependent on what is or is not in the administrative record.[4]

In opposing certification, the Secretary asserts that this matter does not involve a "pure question of law" and that review by the Seventh Circuit "would require delving into the detail of the administrative record." Opp. at 7. That is simply not correct. As indicated above, the issue presented is a "pure" question of law and is not dependent on what the administrative record says or does not say. Instead, it is dependent on the common law, what the statutes passed by Congress

---

[4] There are several other legal issues implicated by the proposed question that may also need to be addressed. In particular, the Secretary asserts that a later issued decision that becomes final cannot form the basis for collateral estoppel against an earlier issued, but non-final decision. Relying on, *e.g.*, *Adkins v. Nestle Purina Petcare Co.*, 779 F.3d 481 (7th Cir. 2015), Mrs. Prosser contends that is wrong, as a matter of law. Another legal issue is whether this Court may properly take notice of proceedings/decisions on other claims that are not part of the administrative record in this case for the purpose of collateral estoppel. Relying on *Opoka v. INS*, 94 F.3d 392 (7th Cir. 1996), Mrs. Prosser contends that this Court can do so. The Secretary asserts not.

7

say, and the guidance from the Supreme Court and the Seventh Circuit as reflected in the case law. That is precisely what the Seventh Circuit has held is subject to certification under 28 U.S.C. § 1292(b). *See Ahrenholz v. Board of Trustees of Univ. of Illinois*, 219 F.3d 674, 676 (7th Cir. 2000) ("question of law" means "reference to the meaning of a statutory or constitutional provision, regulation, or common law doctrine[.]").

The Secretary's citation to *In re: Valleau*, 2009 WL 196955 (W.D. Wisc. Jan. 27, 2009) is inapposite (Opp. at 7-8) because that court had already decided that collateral estoppel could apply to that kind of case. *Id.* at *2 ("However, a related doctrine, collateral estoppel (also called issue preclusion), can apply to determinations of nondischargeability."). Having resolved that issue of law, the court then determined that, as a matter of fairness, collateral estoppel should not be applied in that particular case. *Id.* at *3 ("whether it would be fundamentally fair to apply collateral estoppel."). Determining "fairness" in a particular case would require a study of the record and, therefore, certification under § 1292 was inappropriate. By contrast, the issue for certification in this case is the predicate legal issue already decided by the *Valleau* court. That is, can collateral estoppel apply to Medicare beneficiary cases?

The Secretary also contends that none of the legal issues presented in this case are "controlling" because they would not "end the litigation." Opp. at 8. That simply misunderstands what "controlling" means in this context. As this Court has held, a "controlling" question of law is one the resolution of which will affect the course of the litigation. *See, e.g., DeKeyser v. Thyssenkrupp Waupaca, Inc.*, 2009 WL 750278 (E.D. Wisc. March 20, 2009) (Griesbach, J.). There is no requirement that the legal issue certified "end" the litigation for review under § 1292(b). Indeed, not only will collateral estoppel be "controlling" for this case, it will be controlling for all of Mrs. Prosser's future claims.

8

Respectfully, it is very difficult to follow the Secretary's assertion that there is not a "substantial ground for difference of opinion." Opp. at 9. The Secretary disputes, *inter alia*:

1) whether a presumption of collateral estoppel applies;

2) that the Secretary has the burden of rebutting that presumption (though the Secretary's opposition appears to concede this point);

3) that the presumption can only be overcome by relying on the statutes passed by Congress (rather than mere regulations);

4) that collateral estoppel can ever apply to Medicare cases because, as a matter of policy, that would be unfair because of the "volume" of cases; and

5) that unappealed decisions by ALJs in represented cases are "final" for the purposes of collateral estoppel.

On first impression, this Court either agreed with the Secretary or did not address the issue. By contrast, Mrs. Prosser has presented controlling precedent from the Supreme Court and the Seventh Circuit going the other way on each of these issues. Given that, it is self-evident that there is a "substantial ground for difference of opinion" and that the issues are "contestable." *See Ahrenholz v. Board of Trustees of Univ. of Illinois*, 219 F.3d 674, 675 (7th Cir. 2000).

Next, the Secretary contends that certifying these issues will not advance the litigation. Opp. at 9. This is so, the Secretary contends, because "there is only one question remaining … whether substantial evidence supports the Secretary's decision." That is false. If merits briefing proceeds, the Court will face, *inter alia*, the issues of: 1) whether the relevant LCD issued in violation of law; 2) whether the Secretary's decision was arbitrary and capricious; and 3) whether the Secretary's decision is supported by substantial evidence. While the first issue concerns a significant issue of law, the second and third issues combine significant issues of law with a detailed consideration of the administrative record comprising more than 5,000 pages (including more than 1,000 pages of scientific articles related to TTFT). Indeed, it is to avoid precisely the

9

expense, burden, and uncertainty of such an examination that Mrs. Prosser is asserting collateral estoppel.

Finally, the Secretary asserts that there is no "immediacy" for the Seventh Circuit to consider these issues because Mrs. Prosser could raise them on appeal. Opp. at 10. Of course, "immediacy" is not a standard for § 1292(b) certification. Nevertheless, as this Court recognized during the hearing held on July 21, 2020, if certification is not granted now and Mrs. Prosser prevails on the merits, appellate review may never occur. Moreover, Mrs. Prosser (and this Court) will have suffered the very evils collateral estoppel exists to avoid (burden on the courts and parties, increased expense, and risk of inconsistent holdings). Further, because the decision on collateral estoppel will likely not be reviewed by the Circuit Court after final judgment, this Court's collateral estoppel ruling would evade review. Indeed, to the extent that Mrs. Prosser continues to be successful on the merits in future cases,[5] the collateral estoppel issue could evade review indefinitely.

Conversely, even if collateral estoppel was determined to apply on appeal, all three purposes of collateral estoppel will have been thwarted (*i.e.*, both this Court and Mrs. Prosser will have sustained the burden of relitigating the same issues determined numerous times before, Mrs. Prosser will have incurred the expense of relitigation, and Mrs. Prosser will have suffered the risk of inconsistent results).

Thus, absent reconsideration and reversal of the underlying decision, certification under § 1292(b) is the only route that preserves the very purposes of collateral estoppel. Indeed, the Secretary's citation to *Wright & Miller* actually proves Mrs. Prosser's point in this regard. Opp.

---

[5] That there may be future cases by Mrs. Prosser is not some remote possibility. Indeed, based on additional denials of her TTFT coverage claims by the Secretary, Mrs. Prosser could file another case in district court at any time but has refrained from doing so in order to let this case play out.

10

at 10 (*citing* 9C *Wright & Miller*, FEDERAL PRACTICE & PROCEDURE § 3930 (3d ed.) (noting that § 1292(b) provides a way "of securing review of questions that elude effective review on appeal from final judgment.")).

## III. CONCLUSION

For the reasons set forth, Mrs. Prosser respectfully requests that this Court reconsider the July 6, 2020, decision and/or certify the order for review under 28 U.S.C. § 1292(b).

Dated:  September 3, 2020

>Respectfully submitted,
>PARRISH LAW OFFICES
>*Attorneys for Plaintiffs*
>By: James C. Pistorino
>788 Washington Road
>Pittsburgh, PA 15228
>Telephone: (412) 561-6250
>james@dparrishlaw.com
>
>DAVIS & PLEDL, SC
>*Attorneys for Plaintiffs*
>/s/ Robert Theine Pledl
>_____
>By: Robert Theine Pledl
>By: Victoria Davis Davila
>1433 N. Water Street – Suite 400
>Milwaukee, WI 53202
>Telephone: (414) 488-1354
>rtp@davisandpledl.com
>vldd@davisandpledl.com