UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

ANNIKEN PROSSER,

        Plaintiff,

    v.                                    Case No. 20-C-194

ALEX AZAR
in his capacity as Secretary of the
United States Department of
Health and Human Services,

        Defendant.

## DECISION AND ORDER DENYING MOTION FOR RECONSIDERATION

On July 6, 2020, I denied Plaintiff's motion for summary judgment and granted the Secretary's cross-motion for summary judgment. Plaintiff moves for relief under Fed. R. Civ. P. 60(b)(6) or, alternatively, asks the court for certification of an immediate appeal pursuant to 28 U.S.C. § 1292(b). Dkt. No. 23. In the decision and order at issue, I denied Plaintiff's motion that requested summary judgment be granted in Plaintiff's favor on the basis that the common law doctrine of collateral estoppel precluded the Secretary from denying Medicare coverage to Plaintiff based on favorable decisions previously granted to Plaintiff from administrative law judges. Because this decision was not in error, Plaintiff's motion for reconsideration will be denied. I also do not find grounds to certify an immediate appeal.

**I. Motion for Reconsideration**

Motions for reconsideration serve a limited function. They are necessary to correct manifest errors of law or fact or to present newly discovered evidence. *See Caisse Nationale de Credit v. CBI Industries*, 90 F.3d 1264, 1269 (7th Cir. 1996). They are not a vehicle for losing

parties to reargue issues decided against them. *Id*. at 1270. A "manifest error of law" "is not demonstrated by the disappointment of the losing party. It is the 'wholesale disregard, misapplication, or failure to recognize controlling precedent.'" *Oto v. Metropolitan Life Ins. Co.*, 224 F.3d 601, 606 (7th Cir. 2000) (quoting *Sedrak v. Callahan*, 987 F. Supp. 1063, 1069 (N.D. Ill. 1997)).

Plaintiff argues that it was manifest error for the court to review the Medicare regulations after it determined that Congress did not "speak directly" on the issue of collateral estoppel with respect to Medicare. However, this was not legal error. Even when Congress does not speak directly on an issue, it can delegate administrative authority directly or indirectly. This is exactly what *Astoria* considered as well, explaining that the "interpretative presumption" that collateral estoppel applies on the basis of common law principles "is not, however, one that entails a requirement of clear statement, to the effect that Congress must state precisely any intention to overcome the presumption's application to a given statutory scheme." *Astoria Fed. Sav. & Loan Ass'n v. Solimino*, 501 U.S. 104, 108 (1991). The Supreme Court also explained that "[a]lthough administrative estoppel is favored as a matter of general policy, its suitability may vary according to the specific context of the rights at stake, the power of the agency, and the relative adequacy of agency procedures." *Id*. at 109–10. While this court observed that Congress did not by name address the doctrine of collateral estoppel in the Medicare Act, it stated that Congress delegated the authority to decide if it applied at the administrative level to the Secretary. *See* Dkt. No. 21 at 9 ("Congress clearly entrusted the Secretary with overseeing multiple levels of administrative review that must be exhausted before judicial review by an Article III court is appropriate."); *see also Heckler v. Ringer*, 466 U.S. 602, 621–22 (1984). In sum, the court was not confused about what Congress "says in statutes" and what the Secretary does by regulation, as Plaintiff contends.

The court properly found that Congress delegated to the Secretary the authority to administer his internal claim-resolution process and that his regulations reasonably preclude the application of collateral estoppel to ALJ-level decisions. This was not manifest error.

Plaintiff also argues that the court improperly placed the burden to show collateral estoppel on Plaintiff. Plaintiff did not present this issue in her motion for summary judgment. Nor has Plaintiff adequately explained how the court put this inappropriate burden on her. In its decision, the court stated that "[w]ithout more, Plaintiffs have failed to demonstrate that it is appropriate to apply the doctrine of collateral estoppel on the basis of ALJ-level decisions in the Medicare context." Dkt. No. 21 at 15. This statement referred to the merits of Plaintiff's arguments in support of her motion for summary judgment. It had nothing to do with analyzing who bore the burden to show collateral estoppel applied. As the Secretary points out, it is not clear that Plaintiff herself did not bear this burden. *See, e.g.*, *In re Calvert*, 913 F.3d 697, 701 (7th Cir. 2019) (stating that the "party invoking preclusion must show that" the elements of preclusion apply). This argument fails to merit granting reconsideration.

Plaintiff's other arguments also fall short of what is required to grant a motion for reconsideration. Nor has Plaintiff brought any new evidence to light. In short, Plaintiff has failed to demonstrate that the court made a manifest error in its application of constitutional law or otherwise. Accordingly, the motion for reconsideration will be denied.

**II. Motion to Certify Appeal Under 28 U.S.C. § 1292(b)**

Alternatively, Plaintiff asks for certification of an immediate appeal pursuant to 28 U.S.C. § 1292(b), which allows for the appeal of an otherwise unappealable order. The invocation of § 1292(b) must be limited to "exceptional cases" in which an appellate decision "may obviate the need for protracted and expensive litigation . . . ." *Fed. Deposit Ins. Corp. v. First Nat'l Bank of*

*Waukesha, Wisconsin*, 604 F. Supp. 616, 620 (E.D. Wis. 1985). To guide the district court, there are four statutory criteria for the grant of a § 1292(b) petition: (1) there must be a question of law, (2) it must be controlling, (3) it must be contestable, and (4) its resolution must promise to speed up the litigation. *Ahrenholz v. Bd. of Trustees of Univ. of Illinois*, 219 F.3d 674, 675 (7th Cir. 2000).

I am unconvinced that the question Plaintiff seeks to have certified would speed up the litigation if resolved by the court of appeals at this stage. As Plaintiff herself states, this court's decision concerned "the meaning of statutory provisions, regulations, and a common law doctrine." Dkt. No. 24 at 12. The court did not determine whether the elements of collateral estoppel applied to the facts of Plaintiff's ALJ-level decisions, but if the doctrine was even applicable as a matter of law. This is reflected in the question Plaintiff asks the court to certify:

> Does collateral estoppel apply to Medicare cases, where the decision on which collateral estoppel is based was not designated "precedential" by the Medicare Appeals Council and where the beneficiary was represented?

Dkt. No. 28 at 7.

Immediate resolution of this question at the appellate level would not speed up this litigation. First, even if the court of appeals decided this issue in Plaintiff's favor, the case would be remanded to the district court. This court's decision did not apply the elements of collateral estoppel to Plaintiff's administrative record, which spans several ALJ decisions and thousands of pages of medical records. Second, if the court of appeals did not find collateral estoppel applied, litigation could continue on several other claims that were pleaded in Plaintiff's complaint and on which she did not move for summary judgment in her motion before this court. Dkt. No. 7. In sum, either route entails further litigation. Accordingly, as certifying an immediate appeal at this stage would not promise to avoid further litigation or delay, Plaintiff's request is denied.

## CONCLUSION

For the foregoing reasons, Plaintiff's motion for reconsideration or, alternatively, for § 1292(b) certification is **DENIED**. The Clerk is directed to set the case on the calendar for further scheduling with the parties.

**SO ORDERED** at Green Bay, Wisconsin this 24th day of September, 2020.

s/ William C. Griesbach
William C. Griesbach
United States District Judge