## UNITED STATES DISTRICT COURT        JS-6
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES – GENERAL

Case No. SA CV 20-00661-DOC-KES                         Date:  July 22, 2020

Title: LINDA PEHOVIACK v. ALEX AZAR

PRESENT:

### THE HONORABLE DAVID O. CARTER, JUDGE

| Kelly Davis | Not Present |
|---|---|
| Courtroom Clerk | Court Reporter |

| ATTORNEYS PRESENT FOR PLAINTIFF: | ATTORNEYS PRESENT FOR DEFENDANT: |
|---|---|
| None Present | None Present |

**PROCEEDINGS (IN CHAMBERS):   ORDER GRANTING MOTION TO DISMISS [10]**

Before the Court is a Motion to Dismiss ("Motion") (Dkt. 10), brought by Defendant Alex Azar, sued here in his official capacity as Secretary of the U.S Department of Health and Human Services. The Court finds this matter appropriate for resolution without oral argument. *See* Fed. R. Civ. P. 78; C.D. Cal. R. 7-15. Having reviewed the moving papers submitted by the parties, the Court now GRANTS Defendant's Motion.

## I.      Background

### A.      Facts

The following facts are drawn from Plaintiff Linda Pehoviack's Complaint (Dkt. 1). In March 2017, Plaintiff was diagnosed with glioblastoma multiforme ("GBM"), a type of brain cancer. Compl. ¶¶ 13, 19. To treat her GBM, Plaintiff was prescribed tumor treatment field therapy ("TTFT"), which slows the progression of tumor cell replication and prolongs patients' lives. *Id.* ¶¶ 14-16, 20. Plaintiff has benefitted from a series of Medicare determinations that her TTFT was a covered as a medically reasonable and necessary treatment. *Id.* ¶ 21. However, on February 18, 2020, the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. SA CV 20-00661-DOC-KES                                    Date: July 22, 2020

Page 2

Medicare Appeals Council ("MAC") issued a decision that Plaintiff's TTFT for the period of July 8, 2018 through October 8, 2018 was not "medically reasonable and necessary." *Id.* ¶¶ 23-24.

## B.    Procedural History

Plaintiff filed her Complaint on April 4, 2020, alleging six causes of action: one under 42 U.S.C. § 405, and five for various violations of the Administrative Procedure Act, for which she seeks review under 5 U.S.C. § 706. *See generally* Compl.

Defendant filed the instant Motion on June 12, 2020. On June 15, 2020, Plaintiff filed her Opposition (Dkt. 13), and Defendant submitted its Reply (Dkt. 15) on June 29, 2020.

## II.    Legal Standard

### A.    Motion to Dismiss

Rule 8(a)(2) of the Federal Rules of Civil Procedure requires that a complaint include "a short and plain statement of the claim showing that the pleader is entitled to relief." To meet that standard, a plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Conversely, a complaint must be dismissed under Rule 12(b)(6) when a plaintiff's allegations fail to set forth a set of facts that, if true, would entitle the complainant to relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009); *Twombly*, 550 U.S. at 555 (holding that a claim must be facially plausible in order to survive a motion to dismiss).

The pleadings must raise the right to relief beyond the speculative level; a plaintiff must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). Making such a determination is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679. On a motion to dismiss, a court accepts as true a plaintiff's well-pleaded factual allegations and construes all factual inferences in the light most favorable to the plaintiff. *See Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008). A court is not required to accept as true legal conclusions couched as factual allegations. *Iqbal*, 556 U.S. at 678.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. SA CV 20-00661-DOC-KES                                        Date: July 22, 2020

Page 3

In evaluating a Rule 12(b)(6) motion, review is ordinarily limited to the contents of the complaint and material properly submitted with the complaint. *Van Buskirk v. Cable News Network, Inc.*, 284 F.3d 977, 980 (9th Cir. 2002); *Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1555, n.19 (9th Cir. 1990). Under the incorporation by reference doctrine, the court may also consider documents "whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the pleading." *Branch v. Tunnell*, 14 F.3d 449, 454 (9th Cir. 1994), *overruled on other grounds by Galbraith v. County. of Santa Clara*, 307 F.3d 1119, 1121 (9th Cir. 2002). The court may treat such a document as "part of the complaint, and thus may assume that its contents are true for purposes of a motion to dismiss under Rule 12(b)(6)." *United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003).

When a motion to dismiss is granted, the court must decide whether to grant leave to amend. The Ninth Circuit has a liberal policy favoring amendments, and thus leave to amend should be freely granted. *See, e.g.*, *DeSoto v. Yellow Freight Sys., Inc.*, 957 F.2d 655, 658 (9th Cir. 1992). However, a court need not grant leave to amend when permitting a plaintiff to amend would be an exercise in futility. *See, e.g.*, *Rutman Wine Co. v. E. & J. Gallo Winery*, 829 F.2d 729, 738 (9th Cir. 1987) ("Denial of leave to amend is not an abuse of discretion where the pleadings before the court demonstrate that further amendment would be futile.").

## B.    Standing

Under Article III of the Constitution, the judicial power of the United States, vested in the federal courts, extends only to "Cases" and "Controversies." U.S. Const. art. III, §§ 1-2. Because the Constitution does not precisely define the reach of this judicial power, courts have developed the doctrine of standing. While some aspects of standing doctrine are "merely prudential considerations," it also contains a "core component," the case-or-controversy requirement. *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560 (1992). To prevent "federal courts [from] exceed[ing] their authority," the law of Article III standing "confines the federal courts to a properly judicial role" by "limit[ing] the category of litigants empowered to maintain a lawsuit in federal court." *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1547 (2016) (citations omitted).

This "irreducible constitutional minimum" has three requirements. First, the plaintiff must have suffered a concrete and particularized injury in fact, which must be actual or imminent, rather than speculative. Second, the injury must be fairly traceable to the defendant's alleged conduct. Third, the injury must be likely redressable by a favorable decision by the court. *Lujan*, 504 U.S. at 560-61 (1992). These requirements

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. SA CV 20-00661-DOC-KES                                      Date: July 22, 2020

Page 4

must be met for each claim the plaintiff brings, and for each remedy sought. *Davis v. FEC*, 554 U.S. 724, 734 (2008) (citing *DaimlerChrysler Corp. v. Cuno*, 547 U.S. 332, 352 (2006)).

The relevant injury, for purposes of Article III standing, can be the violation of a right defined by statute; that is, Congress can elevate "previously inadequate" injuries "to the status of legally cognizable injuries." *Lujan*, 504 U.S. at 578 (citations omitted). However, the violation of a statutory right does not automatically constitute an injury in fact, and may not be sufficient to support standing. *Spokeo*, 136 S. Ct. at 1549. As the Supreme Court has explained, "a bare procedural violation, divorced from any concrete harm," cannot satisfy the injury-in-fact requirement. *Id.* A key inquiry, then, is not merely whether a statutory right was violated, but whether that violation actually harmed (or posed some risk of harm to) some concrete interest. *See id.* at 1549-50; *see also Frank v. Gaos*, 139 S. Ct. 1041, 1045 (2019) (reaffirming that *Spokeo* "rejected the premise" that an injury in fact automatically exists solely because a statute grants the plaintiff a right and authorizes suits to enforce said right); *Summers v. Earth Island Inst.*, 555 U.S. 488, 496 (2009) ("[D]eprivation of a procedural right without some concrete interest that is affected by the deprivation . . . is insufficient to create Article III standing.").

The burden of proof for establishing standing, which rests with the party seeking federal jurisdiction, must be met with adequate support at each stage of the litigation. *Lujan*, 504 U.S. at 561.

**III.    Request for Judicial Notice**

Defendant requests that the Court take judicial notice of the following two documents:

(1) the MAC decision of February 18, 2020, denying coverage for Plaintiff's TTFT device for the period from July 8, 2018 through October 8, 2018 ("MAC Decision") (Dkt. 10-2); and
(2) the MAC decision of June 2, 2020, denying Plaintiff's request for reopening (Dkt. 10-2).

*See generally* Req. for Judicial Notice (Dkt. 10-1).

Under Federal Rule of Evidence 201, a court may take judicial notice of court filings and other matters of public record. *Harris v. County of Orange*, 682 F.3d 1126, 1132 (9th Cir. 2012) (noting that a court may take judicial notice of "undisputed matters

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. SA CV 20-00661-DOC-KES                                    Date: July 22, 2020

Page 5

of public record"); *see also Reyn's Pasta Bella, LLC v. Visa USA, Inc.*, 442 F.3d 741, 746 n.6 (9th Cir. 2006) (taking judicial notice of pleadings, memoranda, and other court filings). The Court does not, however, take judicial notice of reasonably disputed facts contained within the judicially noticed documents. *See Lee v. City of Los Angeles*, 250 F.3d 68, 688-89 (9th Cir. 2001).

The Court finds that the decisions of the MAC are properly before the Court, and takes judicial notice thereof.

## IV.    Discussion

This action must be dismissed because Plaintiff lacks Article III standing. As provided in the MAC Decision, the supplier of Plaintiff's TTFT device—*not* Plaintiff herself—was found "financially liable" and "responsible." MAC Decision at 5-6. Plaintiff was not required to pay for her treatment. Nor does Plaintiff allege that she has been otherwise injured by the MAC Decision. Plaintiff argues in her Opposition that she may be held personally liable for future treatments, or that her TTFT supplier might require her to sign an agreement assuming liability for the costs of future Medicare denials. Opp'n at 3-4. None of these potential injuries, however, has come to pass; indeed, Plaintiff has received favorable Medicare decisions for treatment periods subsequent to the denial at issue here. *See* Compl. ¶¶ 21-22.

The Court is sympathetic to Plaintiff's apprehension over the denial of benefits for the July-October 2018 treatment period, especially considering the severity of her illness and the reported outcomes of TTFT treatment. At this juncture, however, Plaintiff has not directly experienced any injury stemming from the MAC Denial, and the potential consequences she discusses in her Opposition remain speculative. Nor has Plaintiff argued that she has third-party standing to bring this action on behalf of her supplier. As such, the Court must find that Plaintiff does not presently have standing to bring this action. (Of course, nothing in this order shall preclude Plaintiff from bringing a new suit should any of her speculative harms materialize.)

## V.    Disposition

For the reasons set forth above, the Court GRANTS Defendant's Motion to Dismiss.

The Clerk shall serve this minute order on the parties.

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. SA CV 20-00661-DOC-KES                                    Date: July 22, 2020

                                                                            Page 6

MINUTES FORM 11                                         Initials of Deputy Clerk: kd

CIVIL-GEN