UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN
_____

ANNIKEN PROSSER,

       Plaintiff,

   v.                                  Case No. 20-cv-194

ALEX AZAR, in his capacity as Secretary
of the United States Department of Health
and Human Services,

       Defendant.
_____

## DEFENDANT'S RESPONSE TO PLAINTIFF'S MOTION TO DISMISS CLAIMS WITH PREJUDICE TO FACILITATE APPELLATE REVIEW
_____

The defendant respectfully requests that this Court deny Ms. Prosser's request to dismiss her remaining claims pursuant to Federal Rule of Civil Procedure 41(a)(2). ECF 35. Under Rule 41(a)(2), the Court has discretion to dismiss a plaintiff's action at her request "on terms that the court considers proper." *See Wojtas v. Capital Guardian Trust*, 477 F.3d 924, 927–28 (7th Cir. 2007) (explaining that dismissal under the Rule is a matter of discretion not right). A defendant may object to this dismissal by showing that "plain legal prejudice" will result. *See Simons v. Fox*, 725 F. App'x 402, 406 (7th Cir. 2018) (internal quotation omitted).

As the Court is aware, on Wednesday, October 7, 2020, the defendant filed a motion for summary judgment in his favor based on plaintiff's lack of standing. ECF 31, 32. During the status conference held earlier that same day, the plaintiff indicated she would be responding to this motion within a matter of days. Plaintiff's current motion does not mention the standing issue, and it is unclear whether Ms. Prosser intends to respond to the defendant's motion. In either case, the defendant's position is that because it implicates the court's subject matter jurisdiction, the

standing issue should be decided before the Court considers Plaintiff's Motion to Dismiss Claims with Prejudice to Facilitate Appellate Review.

First, as a practical matter, if the Court grants the defendant's standing motion, plaintiff will have the final judgment that she seeks for appellate review. *See, e.g., Democratic Party of Wis. v. Vos*, 966 F.3d 581, 584 (7th Cir. 2020). Second, the question of standing is a question of the Court's subject-matter jurisdiction and, as such, should be addressed before the Court can reach any final decision on the merits. *See Buchel-Ruegsegger v. Buchel*, 576 F.3d 451, 453 (7th Cir. 2009); *Casio v. S.M. & R.*, 755 F.2d 528, 529–30 (7th Cir. 1985) (explaining that it was not too late for the district court to determine jurisdiction post-judgment); *Walter Kidde Portable Equip. v. Universal Sec. Instruments*, 479 F.3d 1330, 1342 (Fed. Cir. 2007) (explaining that district court erred in failing to determine subject-matter jurisdiction before voluntary dismissal pursuant to Rule 41(a)(2)). The standing issue, moreover, is not one that will become moot or disappear on appeal. *See Keep Chicago Livable v. City of Chicago*, 913 F.3d 618, 622–23 (7th Cir. 2019) (explaining that "The necessity of demonstrating and maintaining standing does not subside as litigation proceeds."); *Freedom from Religion Found. v. Nicholson*, 536 F.3d 730, 737 (7th Cir. 2008) (explaining that even if standing was not raised before the district court, the appellate court must find standing before it can reach the merits of a case). Nor can the parties consent to standing. *See Kanzelberger v. Kanzelberger*, 782 F.2d 774, 777 (7th Cir. 1986) (explaining that "federal jurisdiction cannot be conferred by consent of the parties.").

Therefore, the Secretary respectfully requests that the Court deny Plaintiff's motion for voluntary dismissal under Rule 41(a)(2) so the Court can first rule on whether it has jurisdiction to hear this case.

Dated at Milwaukee, Wisconsin this 14th day of October, 2020.

    Respectfully submitted,

    MATTHEW D. KRUEGER
    United States Attorney

By:    /s/ Chris R. Larsen

    CHRIS R. LARSEN
    Assistant United States Attorney
    Wisconsin State Bar Number: 1005336
    Attorneys for Defendant
    Office of the United States Attorney
    Eastern District of Wisconsin
    517 East Wisconsin Avenue,
    Room 530
    Milwaukee, Wisconsin 53202
    Telephone: (414) 297-1700
    Fax: (414) 297-4394
    Email: chris.larsen@usdoj.gov

    Of Counsel:
    ROBERT P. CHARROW
    General Counsel

    ALAN S. DORN
    Chief Counsel, Region V

    AMELIA WALLRICH
    Assistant Regional Counsel
    Office of General Counsel
    United States Department of
    Health and Human Services,
    Region V
    233 North Michigan Avenue
    Suite 700
    Chicago, Illinois 60601