UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

ANNIKEN PROSSER,
      *Plaintiffs,*

v.                Case No. 20-cv-194

ALEX AZAR, in his capacity as Secretary
of the United States Department of Health
and Human Services,
      *Defendant.*

**PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS**

## I.  INTRODUCTION

Before turning to the merits of the Secretary's arguments, Mrs. Prosser notes that, despite raising this same standing argument in other cases months ago, the Secretary did not raise this issue in this case until Mrs. Prosser indicated her intention to seek appellate review. As this Court knows, people suffering from GBM face a difficult situation, and delay in considering their claims can result in the loss of their opportunity for judicial review (as tragically happened to Mr. Christenson in this case). Thus, by intentionally waiting months to raise this issue, the Secretary seeks to impose further delay in this case where that delay may result in the loss of Mrs. Prosser's ability to obtain meaningful appellate review. Further, by intentionally waiting, the Secretary seeks to render more than 20 pages of written analysis by this Court a wasted exercise, when that prospect could have been avoided. There is no reason that this issue could not be considered in the first instance by the Seventh Circuit, if necessary.

Second, the Secretary relies on the decisions issued in *Pehoviack v. Azar*, Case No. 20-cv-661 (C.D. Cal. July 22, 2020) and *Komatsu v. Azar*, Case No. 20-cv-280 (C.D. Cal. September 24, 2020). *See* Dkt. #32 at 1. Unmentioned in the Secretary's papers, however, is the fact that the

1

*Pehoviack* case is non-final and is currently on appeal at the Ninth Circuit (opening briefs due October 26, 2020).[1] In the *Komatsu* case, the district court largely adopted the reasoning of the *Pehoviack* decision, issued by another judge in the same district. Mrs. Komatsu was in the process of appealing that decision to the Ninth Circuit when, tragically, she passed away. Thus, the decision in *Komatsu* is final only because Mrs. Komatsu's passing precluded appellate review.

Finally, on October 6, 2020, Magistrate Judge Martin Carlson of the Middle District of Pennsylvania issued a decision rejecting the same arguments made by the Secretary in this case. *See Piekanski v. Azar*, Case No. 30-cv-687 (M.D. Pa. October 6, 2020), Dkt. #37 at 25-28. As reflected there, Judge Carlson concluded that the denial of Mrs. Piekanksi's right to Medicare payment for her treatments conferred standing.[2] The Secretary's motion should be denied.

## II.     DISCUSSION

The Secretary contends that this action should be dismissed because Mrs. Prosser lacks standing, as ALJ Grow did not find Mrs. Prosser liable for the cost of the device under the Medicare program. *See* Dkt. 32 at 1, 6. Mrs. Prosser has standing because she has been denied her substantive statutory right to Medicare benefits, and that, in and of itself, results in injury. The Secretary's assertion that someone else should pay has no bearing on the denial of Mrs. Prosser's substantive statutory right and her standing to bring this case.[3] Further, Mrs. Prosser also suffered injury because, if the denial is not reversed, Mrs. Prosser will lose her right to recovery under 42 U.S.C. § 1395pp. The Secretary's arguments are without merit.

---

[1] In recognition of the very difficult situation faced by persons suffering from GBM, the Ninth Circuit has ordered expedited briefing in the *Pehoviack* case with no extensions.

[2] The Secretary has until October 20, 2020, to file any objections to Judge Carlson's report and recommendation (which the Secretary has indicated his intention to do).

[3] Similarly, in other contexts, the fact that a plaintiff may receive offsetting funds from a source different than the tortfeasor does not defeat standing under the collateral source rule.

**A.     Mrs. Prosser Has Standing Based on Denial of Her Substantive Statutory Right**

As described by the Supreme Court in *Lujan v. Defenders of Wildlife*, 504 U.S. 555 (1992), a plaintiff must satisfy three requirements to meet Article III's requirements for standing. First, a plaintiff must have suffered an injury in fact, *i.e.*, an invasion of a legally protected interest, which is (a) concrete and particularized; and (b) actual or imminent, not conjectural or hypothetical. Second, there must be a causal connection between the injury and the conduct complained of. Third, it must be likely that the injury will be redressed by a favorable decision. *Id.* at 560.

Congress may create a statutory right or entitlement, the alleged deprivation of which can confer standing to sue even where the plaintiff would have suffered no judicially-cognizable injury in the absence of the statute. *See Warth v. Seldin*, 422 U.S. 490, 514 (1975). That is, with respect to certain statutes, the alleged violation of a substantive statutorily-created right is, alone, a sufficient injury in fact to give rise to Article III standing. *See Linda R.S. v. Richard D.*, 410 U.S. 614, 617 n. 3 (1973) ("Congress may enact statutes creating legal rights, the invasion of which creates standing, even though no injury would exist without the statute."); E. Chemerinsky, FEDERAL JURISDICTION (7th ed. 2016) § 2.3.2 at 73 ("Violations of rights created by statute are also sufficient for standing purposes.") Thus, in these circumstances, economic injury is not the touchstone of standing. Rather, it is the denial of a substantive statutory right.

With regard to the amount of injury required to establish standing, "an identifiable trifle suffices." *Craftwood II, Inc. v. Generac Power Systems, Inc.*, 920 F.3d 479, 481 (7th Cir. 2019) (*citing U.S. v. Students Challenging regulatory Agency Procedures*, 412 U.S. 669, 689 n. 14 (1973) ("an identifiable trifle is enough for standing to fight out a question of principle")).

There can hardly be a doubt that Medicare benefits are an entitlement created by Congress, the denial of which confers standing. *See* 42 U.S.C. § 405(g) ("Any individual … may obtain a

review of such decision"); 42 U.S.C § 1395ff(a)(1)(A) ("whether an individual is entitled to benefits"); 42 U.S.C. § 1395k(a)(1) ("entitlement to have payment made to him or on his behalf") / (a)(2) ("entitlement to have payment made on his behalf"); *Heckler v. Ringer*, 466 U.S. 602, 620 (1984) ("the Medicare Act provides both the substance and the standing for [the plaintiff's] claim"). Thus, because Mrs. Prosser has been denied her Congressionally created entitlement to Medicare coverage, she has suffered an injury, and that injury can be redressed by a decision ordering coverage.

The Secretary's claims regarding an alleged lack of economic injury are merely an effort to contradict the Supreme Court's decisions in *Warth* and *Linda S*, *e.g.*. It is well settled that a "concrete injury" may, or may not, be an "economic injury." *See, e.g.*, 33 Wright, Koch, and Murphy, FEDERAL PRACTICE & PROCEDURE § 8335 (Supp. 2018) ("It is also clear that harms need not be economic in nature to be concrete enough for standing[.]"). Multiple courts have rejected the notion that economic injury is a requirement for standing, including in Medicare claim denial cases. *See, e.g., Ryan v. Burwell*, 2015 WL 4545806 at *5-7 (D. Vt. July 27, 2015) (plaintiff had standing even though Medicaid paid claims denied by Medicare); *Anderson v. Sebelius*, 2010 WL 4273238 at *3 (D. Vt. Oct. 25, 2010) (although administrative law judge waived plaintiff's financial liability for services delivered, plaintiff still had standing); *Longobardi v. Bowen*, 1988 WL 235576 at *2 (D. Conn. Oct. 25, 1988) (plaintiff had standing even though Medicaid paid claims denied by Medicare); *Martinez v. Bowen*, 655 F.Supp. 95, 99 (D. New Mexico 1986) (same); *Ross v. Bank of America, N.A. (USA)*, 524 F.3d 217, 222 (7th Cir. 2008) ("Moreover, the fact that an injury may be outweighed by other benefits, while often sufficient to defeat a claim for damages, does not negate standing.").

4

Case 1:20-cv-00194-WCG   Filed 10/17/20   Page 4 of 10   Document 37

The Secretary's reliance on the Supreme Court's decision in *Spokeo, Inc. v. Robins*, 136 S.Ct 1540 (2016) is misplaced. Dkt. #32 at 8. As detailed in *Spokeo*, the mere violation of a "procedural right" *may*, or may not, be sufficient to confer standing. *Id*. at 1549. That said, there is a difference between a "procedural right" and a "substantive right." As cogently explained by one court:

> A "procedural right" is defined as "a right that derives from legal or administrative procedure; a right that helps in the protection or enforcement of a substantive right." In contrast, a "substantive right" is "a right that can be protected or enforced by law; a right of substance rather than form."

*See Bock v. Pressler & Pressler, LLP*, 254 F.Supp.3d 724, 732 (D. N.J. 2017) (internal citations and quotations omitted). Here, as set forth in the Complaint, Mrs. Prosser alleges a violation of her substantive right to payment of her Medicare claim by the Secretary. That the Secretary asserts that someone other than Medicare should bear the expense of the claim does not change the violation of Mrs. Prosser's substantive right to Medicare payment by the Secretary. Thus, again, Mrs. Prosser has standing.

*Thole v. U.S. Bank N.A.*, 140 S.Ct. 1615 (2020), also relied on by the Secretary, is equally inapposite. Dkt. #32 at 8. At issue in *Thole* was a defined benefit pension plan. While the plaintiffs contended that the plan was mismanaged, regardless, the plaintiffs would have received the same benefits due under the plan. As emphasized by the Supreme Court:

> If Thole and Smith were to *lose* this lawsuit, they would still receive the exact same monthly benefits that they are already slated to receive, not a penny less. If Thole and Smith were to *win* this lawsuit, they would still receive the exact same monthly benefits that they are already slated to receive, not a penny more.

*Id.* at 1619 (emphasis in original). Accordingly, no order from the Court would change the plaintiff's position, the plaintiffs lacked injury and, therefore, standing. By contrast, in the present case, Mrs. Prosser has been denied her substantive statutory right to Medicare payment for her treatments and, therefore, has suffered an injury. Again, Mrs. Prosser's right is to Medicare

5

payment for her treatments, not to the treatments themselves. If this Court rules in Mrs. Prosser's favor as to the underlying issue of coverage/collateral estoppel, she will receive her substantive statutory right to payment by Medicare. By contrast, if Mrs. Prosser's claim is denied, she will not receive her payment for her treatments by Medicare. *Thole* does not support the Secretary's argument.

**B.     Mrs. Prosser Additionally Has Standing Based on Loss of Substantive Statutory Right**

If the decision denying coverage is not reversed in this case, then Mrs. Prosser will suffer the present loss of her right to recovery under certain provisions of the Medicare Act. Considered alternatively, Mrs. Prosser will suffer a substantial risk of economic injury. Under either approach, Mrs. Prosser has standing to bring her claim.

**1.     Mrs. Prosser's Present Loss of Right**

Beyond the denial of her substantive statutory rights, it incorrect to say that Mrs. Prosser will suffer no injury if the claim denial is not reversed. As the *Ryan* and *Anderson* courts recognized, a decision denying coverage that stands has significant effects on financial liability for subsequent claims for coverage. Pursuant to 42 U.S.C. § 1395pp(b) and (c), if a claim is denied and not reversed, then the beneficiary may be personally liable on subsequent claims. *See also* 42 C.F.R. § 411.404(b). Indeed, administrative law judges have so held with regard to other beneficiaries. *See* Exhibit 1 – ALJ Decision in OMHA 1-8429016928 at page 12 of 13.

That is, the present harm to Mrs. Prosser is being placed under the cloud of knowing that she has been declined Medicare coverage, resulting in loss of her right to payment under the statute. That this is a present harm is demonstrated by the fact that, unless reversed now, Mrs. Prosser would have no ability to challenge the denial of coverage in this case when her right to receive payment on future claims is adjudicated.. Thus, for example, if a future claim by Mrs. Prosser is

6

denied, the denial of coverage in this case, may leave her personally liable under 42 U.S.C. § 1395pp in that later case. Were that to happen, she would have no ability in the second suit to challenge the decision in this case which laid the foundation for that denial. This is a present harm on which confers standing.

### 2. Mrs. Prosser Has Standing Because She Faces Future Financial Liability

While the loss of Mrs. Prosser's statutory right, standing alone, constitutes a present harm, even were the Court to find that injury does not exist until Mrs. Prosser is deemed personally, financially liable, then she also has standing. As described by the Supreme Court, for standing purposes, a future injury "may suffice if the threatened injury is certainly impending, or there is a substantial risk that the harm will occur." *Department of Commerce v. New York*, 139 S.Ct. 2551, 2565 (2019) (*citing Susan B, Anthony List v. Driehaus*, 573 U.S. 149, 158 (2014)). *See also Spokeo*, 136 S.Ct. at 1549 ("risk of real harm"). With regard to "substantial risk", as noted by the Seventh Circuit:

> [S]tanding in the Article III sense does not require a certainty or even a very high probability that the plaintiff is complaining about a real injury, suffered or threatened. A suit to redress an injury to the plaintiff is a "case" or "controversy" within the meaning that the courts have imprinted on these words of Article III of the Constitution as long as there is some nonnegligible, nontheoretical, probability of harm that the plaintiff's suit if successful would redress. As we have noted repeatedly, the fact that a loss or other harm on which a suit is based is probabilistic rather than certain does not defeat standing.

*Mainstreet Organization of Realtors v. Calumet City, Ill.*, 505 F.3d 742, 744 (7th Cir. 2007).

In this case, as in *Ryan*, Mrs. Prosser suffers from a chronic/incurable condition and will need tumor treatment field therapy (TTFT) treatment for the remainder of her life. That Mrs. Prosser will have claims beyond those at issue in this case is, therefore, certain and not speculative. That other claims by Mrs. Prosser may be denied is also not speculative. Indeed, both are a certainty because they have already happened. Exhibits 2 – 6 are a series of outstanding rejections

7

Mrs. Prosser has received for her TTFT claims.[4]

Because of the loss of Mrs. Prosser's right to recovery under 42 U.S.C. § 1395pp, if this case is not reversed, Mrs. Prosser suffers the risk of being held personally, financially liable for her treatments at any time. That is a substantial risk of harm sufficient for standing purposes and, again, Mrs. Prosser has standing. This harm is much more than a "trifle" and plainly confers standing. *Craftwood II*, 920 F.3d at 481 ("an identifiable trifle suffices").

In his moving papers, the Secretary relies on *Clapper v. Amnesty Int'l, USA*, 568 U.S. 398 (2013), for the proposition that "allegations of possible future injury are not sufficient." Dkt. #32 at 9. The Secretary's effort to rely on *Clapper's* test for standing under the "certainly impending/imminent" prong is misplaced because the Supreme Court and the Seventh Circuit have long recognized that standing may also be based on a "substantial risk that harm will occur." Indeed, post-*Clapper*, the Supreme Court affirmed this long-standing rule. *See Dept. of Commerce*, 139 S.Ct. at 2565. *See also Sierra Club v. Franklin County Power of Ill.*, 546 F.3d 918, 925 (7th Cir. 2008) ("*likely* exposure to pollutants is certainly something more than an identifiable trifle", standing exists) (internal citations and quotations omitted) (emphasis added).

---

[4] Mrs. Prosser received two decisions from ALJ Bryant concluding that TTFT is not medically reasonable and necessary to treat Mrs. Prosser's GBM. Exhibits 2 and 3. That conclusion directly contradicts the prior, final decisions of ALJs Woodyard, Figueroa, and Sardinas on which collateral estoppel is asserted in this case. Moreover, Mrs. Prosser appealed ALJ Bryant's decisions to the Medicare Appeals Council more than 90 days ago. Exhibits 4 and 5. Thus, as Mrs. Prosser noted in other papers, at this point she could file two additional suits in this Court. Avoiding multiple suits where the same issue is litigated is one purpose of collateral estoppel. Finally, Mrs. Prosser notes that, despite the earlier denial by ALJ Grow that is at issue in this case, ALJ Bryant concluded that Mrs. Prosser "neither knew, nor reasonably should have been expected to know, that any of the services would not be covered by Medicare." See Exhibit 3 - OMHA Appeal No. 3-8798889976 (November 26, 2019) at 8. Respectfully, this conclusion along with the conclusion that TTFT is not medically reasonable and necessary to treat Mrs. Prosser's GBM underscores the essentially random nature of decisions by the agency. Avoiding these inconsistent results is one purpose of collateral estoppel.

To give but one example of the application of this principle, in *Dimarzo v. Cahill*, 575 F.2d 15 (1st Cir. 1978), prisoners sued a county jail alleging unconstitutional conditions. In particular, the prisoners alleged that the jail (built in 1814 with an addition in 1884) was a fire trap that put them at risk of injury or death. The Commissioner of Corrections moved to dismiss, alleging that there was no standing because the prisoners could not show that they would "inevitably suffer physical injury or death from fire." *Id.* at 18. In rejecting this claim and finding standing, the First Circuit held: "One need not wait for the conflagration before concluding that a real and present threat exists." *Id*. *See also* 13A Wright, Miller, & Cooper, FEDERAL PRACTICE AND PROCEDURE § 3531.4 (Supp. 2018) (collecting cases).

Likewise, Mrs. Prosser need not wait until she is put to the choice of financial ruin or a hastened death before she has standing.

### III. CONCLUSION

For the reasons set forth above, the Secretary's motion should be denied. Mrs. Prosser has standing to assert her claims.

Dated: October 16, 2020

> Respectfully submitted,
> PARRISH LAW OFFICES
> *Attorneys for Plaintiffs*
> By: James C. Pistorino
> 788 Washington Road
> Pittsburgh, PA 15228
> Telephone: (412) 561-6250
> james@dparrishlaw.com
>
> DAVIS & PLEDL, SC
> *Attorneys for Plaintiffs*
>
> /s/ Robert Theine Pledl
> _____
> By: Robert Theine Pledl
> By: Victoria Davis Davila

9

1433 N. Water Street – Suite 400
Milwaukee, WI 53202
Telephone: (414) 488-1354
rtp@davisandpledl.com
vldd@davisandpledl.com