UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

_____

ANNIKEN PROSSER,
        Plaintiff,

    v.                                                    Case No. 20-cv-194

ALEX AZAR, in his capacity as Secretary
of the United States Department of Health
and Human Services,

        Defendant.
_____

DEFENDANT'S REPLY BRIEF IN SUPPORT OF HIS MOTION FOR SUMMARY
JUDGMENT BASED ON PLAINTIFF'S LACK OF STANDING
_____

In responding to the Secretary's motion for summary judgment based on lack of standing (*see* ECF 31, 32), plaintiff has failed to carry her burden of establishing that she has standing to pursue this case.[1] She has produced no evidence, nor can she, that Novocure has shifted any potential future liability for a potential denial of Medicare coverage to her. She has not claimed, let alone produced evidence, that she has signed an Advanced Beneficiary Notice. In fact, she has confirmed that she has not been held liable for any denials of coverage for time periods after those at issue in this case.

Plaintiff's reliance on a single ALJ decision concerning a different beneficiary is inapposite and is contradicted by the facts of her own case—in which she has not been held liable even once. As stated by the Secretary previously, an Advanced Beneficiary Notice is necessary for the

---

[1] In the opening paragraphs of her brief, Mrs. Prosser accuses Government counsel of "intentionally" waiting months to raise the standing issue, presumably in an effort to deprive her of meaningful appellate review. See ECF 37, at p. 1. Plaintiff does not identify (and cannot identify) any facts in the record to support her unfounded allegations of bad faith. The allegation that Government counsel intentionally sought to delay presenting any issue relevant in this case has no basis in fact, and it is disappointing that such an attack is included in counsel's brief.

contractor to shift liability to the beneficiary. Medicare Claims Processing Manual, Ch. 30, § 50.2.1; *Int'l Rehab. Sci. Inc. v. Sebelius*, 688 F.3d 994, 997–98 (9th Cir. 2012) (explaining that a valid Advance Beneficiary Notice is required "for the supplier to shift liability to the beneficiary"); *Almy v. Sebelius,* 679 F.3d 297, 311 n. 4 (4th Cir. 2012) (same). And, as discussed in previous briefs, the ALJ decision that plaintiff appeals in this matter was decided under a previous LCD (with the new LCD going into effect September 1, 2019). Plaintiff has not shown that a denial decision under the previous LCD would put her on notice of liability for potential denial under the new LCD. It is Plaintiff's burden to establish standing; she has not done so. *See Hummel v. St. Joseph Cty. Bd. of Comm'rs*, 817 F.3d 1010, 1016 (7th Cir. 2016).[2] Therefore, this case should be dismissed for lack of subject matter jurisdiction.

Dated at Milwaukee, Wisconsin this 20th day of October, 2020.

Respectfully submitted,

MATTHEW D. KRUEGER
United States Attorney

By:   /s/ Chris R. Larsen

CHRIS R. LARSEN
Assistant United States Attorney
Wisconsin State Bar Number: 1005336
Attorneys for Defendant
Office of the United States Attorney
Eastern District of Wisconsin
517 East Wisconsin Avenue,
Room 530
Milwaukee, Wisconsin  53202
Telephone: (414) 297-1700
Fax: (414) 297-4394
Email: chris.larsen@usdoj.gov

Of Counsel:

---

[2]Plaintiff's brief states incorrectly that "unmentioned in the Secretary's papers . . . is the fact that the *Pehoviack* case is non-final and is currently on appeal at the Ninth Circuit." Yet, the Secretary advised the Court of that fact in its filing of October 8, 2020. ECF 34.

ROBERT P. CHARROW
General Counsel

ALAN S. DORN
Chief Counsel, Region V
AMELIA WALLRICH
Assistant Regional Counsel
Office of General Counsel
United States Department of
Health and Human Services,
Region V
233 North Michigan Avenue
Suite 700
Chicago, Illinois 60601