UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

ANNIKEN PROSSER,

        Plaintiff,

        v.                              Case No. 20-C-194

ALEX AZAR
in his capacity as Secretary of the
United States Department of
Health and Human Services,

        Defendant.

## DECISION AND ORDER GRANTING MOTION
## FOR SUMMARY JUDGMENT FOR LACK OF STANDING

      Plaintiff Anniken Prosser, a Medicare recipient, suffers from glioblastoma multiforme (GBM), a form of brain cancer, for which she has been prescribed and uses a medical device to undergo tumor treatment field therapy (TTFT). Although she has received several favorable decisions from ALJs affirming Medicare coverage for TTFT, an ALJ subsequently rejected her claims. She commenced this action and moved for summary judgment based on the previous favorable decisions. On July 6, 2020, I denied Plaintiff's motion for summary judgment and granted the Secretary's cross-motion for summary judgment on the issue of collateral estoppel. On September 24, 2020, I denied Plaintiff's motion for reconsideration or, alternatively, for certification of an immediate appeal under 28 U.S.C. § 1292(b). The case is again before the court on the Secretary's motion for summary judgment on the ground that Plaintiff lacks standing. Given the need for a prompt decision if Plaintiff is to obtain appellate review, I will be brief and rely upon the decision of United States District Judge David O. Carter of the Central District of

California in *Pehoviack v. Azar*, No. SA CV 20-00661-DOC-KES, 2020 WL 4810961 (C.D. Cal. July 22, 2020), addressing the same issue, though I recognize the plaintiff in that case subsequently passed away and appellate review is therefore precluded.

This action must be dismissed because Plaintiff lacks Article III standing. It is undisputed that Novocure, the supplier of Plaintiff's TTFT device—not Plaintiff herself—is "financially liable" and "responsible" for the costs of the TTFT treatment. Because Plaintiff has not suffered any concrete injury sufficient to confer Article III standing, this court lacks jurisdiction over her case. Although Plaintiff argues in her Opposition that she may be held personally liable for future treatments, or that her TTFT supplier might require her to sign an agreement assuming liability for the costs of future Medicare denials, these potential injuries have not come to pass and are too speculative to establish standing. Accordingly, the Secretary's motion for summary judgment is granted and this case is dismissed for lack of standing. The Clerk is directed to enter judgment forthwith.

**SO ORDERED** at Green Bay, Wisconsin this 21st day of October, 2020.

s/ William C. Griesbach
William C. Griesbach
United States District Judge