# United States District Court
## Eastern District of Wisconsin (Green Bay)
## CIVIL DOCKET FOR CASE #: <u>1:20–cv–00194–WCG</u>

Prosser v. Azar

Assigned to: Judge William C Griesbach

Cause: 05:702 Administrative Procedure Act

Date Filed: 02/07/2020

Date Terminated: 10/21/2020

Jury Demand: Plaintiff

Nature of Suit: 899 Other Statutes: Administrative Procedures Act/Review or Appeal of Agency Decision

Jurisdiction: Federal Question

**<u>Plaintiff</u>**

**Anniken Prosser**
     represented by     **Michael D Leffel**
Foley & Lardner LLP
Verex Plaza
150 E Gilman St
PO Box 1497
Madison, WI 53701–1497
608–258–4216
Fax: 608–258–4258
Email: mleffel@foley.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**James Pistorino**
James Pistorino
224 Lexingtgon Dr
Menio Park, CA 94025
650–400–0043
Email: james.pistorino@gmail.com
*ATTORNEY TO BE NOTICED*

**Robert Theine Pledl**
Davis & Pledl SC
1433 N Water St – Ste 400
Milwaukee, WI 53202
414–488–1354
Fax: 414–257–3223
Email: rtp@davisandpledl.com
*ATTORNEY TO BE NOTICED*

V.

**<u>Defendant</u>**

**Alex Azar**
*in his capacity as Secretary of the United*
     represented by     **Christian R Larsen**
United States Department of Justice

States Department of Health and Human
Services

(ED–WI)
Office of the US Attorney
517 E Wisconsin Ave – Rm 530
Milwaukee, WI 53202
414–297–1581
Fax: 414–297–4394
Email: chris.larsen@usdoj.gov
*ATTORNEY TO BE NOTICED*

| Date Filed | # | Page | Docket Text |
|---|---|---|---|
| 02/07/2020 | 1 | | COMPLAINT with Jury Demand; against All Plaintiffs by David Christenson. ( Filing Fee PAID $400 receipt number AWIEDC–3355958)(Pledl, Robert) (Additional attachment(s) added on 2/7/2020: # 1 Civil Cover Sheet) (ds). |
| 02/07/2020 | 2 | | REQUEST for Issuance of Summons by All Plaintiffs (Pledl, Robert) |
| 02/07/2020 | | | NOTICE Regarding assignment of this matter to Judge William C Griesbach ;Consent/refusal forms for Magistrate Judge Joseph to be filed within 21 days;the consent/refusal form is available on our website ;pursuant to Civil Local Rule 7.1 a disclosure statement is to be filed upon the first filing of any paper and should be filed now if not already filed (bx) |
| 02/07/2020 | 3 | | DISCLOSURE Statement by All Plaintiffs. (Pledl, Robert) |
| 02/10/2020 | | | Summons Issued as to Alex Azar. (cav) |
| 02/21/2020 | 4 | | DECLARATION of Robert Theine Pledl *Declaration of Service* (Pledl, Robert) |
| 04/03/2020 | 5 | | Rule 7(h) Expedited Non–Dispositive MOTION for Extension of Time *To Respond to Complaint* by Alex Azar. (Attachments: # 1 Text of Proposed Order)(Larsen, Christian) |
| 04/06/2020 | | | NOTICE of Hearing: (cc: all counsel) Telephone Conference set for 4/7/2020 at 10:00 AM in By Telephone before Judge William C Griesbach. The Court will initiate the call. (lh) |
| 04/07/2020 | 6 | | Minute Order. Motion Hearing held on 4/7/2020 Proceedings held before Judge William C Griesbach: denying 5 Motion for Extension of Time. The Court invites Plaintiffs to file their motion for summary judgment. The Court will review the motion on an expedited basis. The Court directs defendants response within 21 days. Plaintiffs reply due within 14 days of response. (Tape #040720.) (cav) (Entered: 04/08/2020) |
| 04/11/2020 | 7 | | MOTION for Summary Judgment by All Plaintiffs. (Pledl, Robert) |
| 04/11/2020 | 8 | | DECLARATION of James Pistorino (Attachments: # 1 Exhibit A – DC–Appeal documents, # 2 Exhibit B – ALJ Tyler 04022019 Decision, # 3 Exhibit C – DC–Appeal documents, # 4 Exhibit D – ALJ Zettel 06062019 Decision, # 5 Exhibit E – DC–Appeal documents, # 6 Exhibit F – ALJ Watson 09122019 Decision, # 7 Exhibit G – Appeals Council documents, # 8 Exhibit H – AP–Appeal documents, # 9 Exhibit ALJ Woodyard 05162019 Decision, # 10 Exhibit J – AP–Appeal documents, # 11 Exhibit K – ALJ Figueroa 06272019 Decision, # 12 Exhibit L – AP–Appeal documents, # 13 Exhibit M – ALJ Sardinas 03182020 Decision, # 14 Exhibit N – AP–Appeal documents, # 15 |

| | | | |
|---|---|---|---|
| | | | Exhibit O – AP–ALJ Grow 06192019 Decision, # 16 Exhibit P – AP–Appeals Council documents)(Pledl, Robert) |
| 04/11/2020 | 9 | | BRIEF in Support filed by All Plaintiffs re 7 MOTION for Summary Judgment . (Pledl, Robert) |
| 04/20/2020 | 10 | | *Defendant's* ANSWER to 1 Complaint *and Affirmative Defenses* by Alex Azar.(Larsen, Christian) |
| 04/28/2020 | 11 | | ADMINISTRATIVE RECORD filed by Alex Azar, Secretary of Department of Health and Human Services. Main document – Admin Record Pages 1–718 and attachments. (Attachments: # 1 Admin Record Pages 719–1479, # 2 Admin Record Pages 1480–2691, # 3 Admin Record Pages 2692–3416, # 4 Admin Record Pages 3417–4231, # 5 Admin Record Pages 4232–4862, # 6 Admin Record Pages 4863–5401, # 7 2018 & 2019 Published Articles, Part 1, # 8 2018 & 2019 Published Articles, Part 2, # 9 Favorable ALJ Decisions, Part 1, # 10 Favorable ALJ Decisions, Part 2, # 11 Favorable ALJ Decisions, Part 3, # 12 Favorable ALJ Decisions, Part 4, # 13 Optune Medical Policies, November 2018, # 14 Optune Peer Reviewed Literature, # 15 Miscellaneous Attachments)(tlf) |
| 05/04/2020 | 12 | | Cross MOTION for Summary Judgment by Alex Azar. (Larsen, Christian) |
| 05/04/2020 | 13 | | BRIEF in Support filed by Alex Azar re 12 Cross MOTION for Summary Judgment *and in Opposition to Plaintiffs' Motion for Summary Judgment*. (Larsen, Christian) |
| 05/18/2020 | 14 | | Rule 7(h) Expedited Non–Dispositive MOTION for Extension of Time by All Plaintiffs. (Pledl, Robert) |
| 05/19/2020 | 15 | | LETTER from Robert Pledl *regarding 14 Rule 7(h) Motion*. (Pledl, Robert) |
| 05/19/2020 | 16 | | REPLY BRIEF in Support filed by All Plaintiffs re 12 Cross MOTION for Summary Judgment , 7 MOTION for Summary Judgment . (Pledl, Robert) |
| 05/19/2020 | 17 | | DECLARATION of James Pistorino – II (Attachments: # 1 Exhibit Ex Q – Statistics 14cv851, # 2 Exhibit Ex R – Brief 18cv2929, # 3 Exhibit Ex S – Treatise Law of Estoppel)(Pledl, Robert) |
| 05/19/2020 | 18 | | TEXT ONLY ORDER GRANTING 14 Rule 7(h) Expedited Non–Dispositive Motion for Extension of Time, signed by Judge William C. Griesbach on 5/19/2020. Plaintiffs' response to Defendant's opposition and cross–motion for summary judgment is due on or before 5/19/2020. (cc: all counsel)(Griesbach, William) |
| 05/20/2020 | 19 | | SUGGESTION OF DEATH Upon the Record as to David Christenson by David Christenson. (Pledl, Robert) |
| 05/22/2020 | 20 | | REPLY BRIEF in Support filed by Alex Azar re 12 Cross MOTION for Summary Judgment . (Larsen, Christian) |
| 07/06/2020 | 21 | | DECISION AND ORDER signed by Judge William C. Griesbach on 7/6/2020. Plaintiff's 7 MOTION for summary judgment is DENIED and Defendants 12 Cross MOTION for summary judgment is GRANTED. Because Mr. Christenson has passed away, the decision is effective only as to the claim of Ms. Prosser. It will be stayed as to Mr. Christenson's claim until such time, if |

| | | |
|---|---|---|
| | | ever, that a proper party is substituted. The Clerk is directed to set this matter on the court's calendar to set a briefing schedule for addressing Plaintiff's remaining issues. (cc: all counsel)(Griesbach, William) |
| 07/06/2020 | | NOTICE of Hearing: (cc: all counsel) Telephone Conference to address briefing schedule on remaining issues is set for 7/13/2020 at 10:30 AM in By Telephone before Judge William C Griesbach. The court will initiate the call. Counsel are to provide the telephone number at which they can be reached (direct dial preferred) at least two days prior to the telephone conference. In the event counsel are unavailable at the scheduled time of the telephone conference, the conference may be rescheduled and counsel may be required to appear in person. Please provide your telephone number to the Office of the Clerk at wied_clerks_gb@wied.uscourts.gov(lh) |
| 07/09/2020 | 22 | LETTER from Robert Pledl *requesting to adjourn telephone conference*. (Pledl, Robert) |
| 07/10/2020 | | NOTICE of Rescheduled Hearing: Telephone Conference set for 7/13/2020 at 10:30 AM is RESCHEDULED to 7/21/2020 at 11:00 AM before Judge William C Griesbach. (cc: all counsel)(mac) |
| 07/20/2020 | 23 | MOTION for Reconsideration *and Alternative 1292(b) Motion* by Anniken Prosser. (Pledl, Robert) Modified on 9/29/2020 (tlf). |
| 07/20/2020 | 24 | BRIEF in Support filed by Anniken Prosser re 23 MOTION for Reconsideration *and Alternative 1292(b) Motion* . (Pledl, Robert) |
| 07/21/2020 | 25 | Minute Entry for proceedings held before Judge William C Griesbach: Scheduling Conference held on 7/21/2020. David Christenson's claims are dismissed. The court will set the matter on for further proceedings after it rules on Plaintiff's motion for reconsideration/certification. Defendant is allowed 30 days to respond to the motion. (Tape #072120) (cav) (Entered: 07/22/2020) |
| 08/19/2020 | 26 | RESPONSE to Motion filed by Alex Azar re 23 MOTION for Reconsideration *and Alternative 1292(b) Motion* . (Larsen, Christian) |
| 09/02/2020 | 27 | DOCUMENT TO BE REFILED. ~~REPLY BRIEF in Support filed by Anniken Prosser re 23 MOTION for Reconsideration and Alternative 1292(b) Motion~~ . (Pledl, Robert) Modified on 9/3/2020 (tlf). |
| 09/03/2020 | | NOTICE of Electronic Filing Error to Robert Theine Pledl re 27 Reply Brief. All documents should contain the s/signature of the attorney who files the document. This document was signed by James C Pistorino and filed by Robert Theine Pledl. James C Pistorino is not an attorney of record and has not filed a notice of appearance. This document must be signed and re-filed by an attorney of record. Please refer to the policies and procedures for electronic case filing and the user manual found at www.wied.uscourts.gov (tlf) |
| 09/03/2020 | 28 | REPLY BRIEF in Support filed by Anniken Prosser re 23 MOTION for Reconsideration *and Alternative 1292(b) Motion Amended to reflect appropriate filer*. (Pledl, Robert) |
| 09/24/2020 | 29 | ORDER DENYING 23 Motion for Reconsideration and DENYING Alternative 28 U.S.C. §1292(b) Certification, filed by Anniken Prosser, signed by Judge William C Griesbach on 09/24/2020. The Clerk is directed to set the case on the calendar for further scheduling with the parties. (cc: all counsel)(Griesbach, |

| | | | |
|---|---|---|---|
| | | | William) |
| 09/28/2020 | | | NOTICE of Hearing: (cc: all counsel) Scheduling Conference set for 10/7/2020 10:30 AM By Telephone before Judge William C Griesbach. The court will initiate the call. Counsel are to provide the telephone number at which they can be reached (direct dial preferred) at least two days prior to the telephone conference. In the event counsel are unavailable at the scheduled time of the telephone conference, the conference may be rescheduled and counsel may be required to appear in person. Please provide your telephone number to the Office of the Clerk at wied_clerks_gb@wied.uscourts.gov(cav) |
| 10/06/2020 | 30 | | NOTICE of Appearance by James Pistorino on behalf of Anniken Prosser. Attorney(s) appearing: James Pistorino (Pistorino, James) |
| 10/07/2020 | 31 | | MOTION for Summary Judgment *based on lack of standing* by All Defendants. (Larsen, Christian) |
| 10/07/2020 | 32 | | BRIEF in Support filed by All Defendants re 31 MOTION for Summary Judgment *based on lack of standing* . (Attachments: # 1 Unpublished decision, # 2 Unpublished decision)(Larsen, Christian) |
| 10/07/2020 | 33 | | Minute Entry for proceedings held before Judge William C Griesbach: Telephone Scheduling Conference held on 10/7/2020. The Court will issue a decision on Defendant's motion to dismiss once it is fully briefed. (Tape #100720) (mac) (Entered: 10/08/2020) |
| 10/08/2020 | 34 | | LETTER from USA citing supplemental authority . (Larsen, Christian) |
| 10/13/2020 | 35 | | MOTION to Dismiss *Claims with Prejudice to Facilitate Appellate Review* by Anniken Prosser. (Pledl, Robert) |
| 10/14/2020 | 36 | | RESPONSE to Motion filed by Alex Azar re 35 MOTION to Dismiss *Claims with Prejudice to Facilitate Appellate Review* . (Larsen, Christian) |
| 10/17/2020 | 37 | | BRIEF in Opposition filed by Anniken Prosser re 31 MOTION for Summary Judgment *based on lack of standing* . (Attachments: # 1 Exhibit Redacted ALJ Decision in OMHA 1–8429016928, # 2 Exhibit Prosser 11.26.2019 Unfavorable ALJ Decision, # 3 Exhibit Prosser 11.26.2020 Unfavorable ALJ Decision, # 4 Exhibit Prosser 07.27.2020 Appeal Decision, # 5 Exhibit Prosser 09.14.2020 Appeal Decision, # 6 Exhibit Prosser 09/15/2020 Appeal Decision)(Pledl, Robert) |
| 10/20/2020 | 38 | | REPLY BRIEF in Support filed by All Defendants re 31 MOTION for Summary Judgment *based on lack of standing* . (Larsen, Christian) |
| 10/20/2020 | 39 | | RESPONSE to Motion filed by Anniken Prosser re 31 MOTION for Summary Judgment *based on lack of standing Plaintiff's Notice of Subsequent Events*. (Pledl, Robert) |
| 10/21/2020 | 40 | | DECISION AND ORDER 31 GRANTING Motion for Summary Judgment based on lack of standing, filed by Alex Azar, signed by Judge William C Griesbach on 10/21/2020. The Clerk is directed to enter judgment forthwith. (cc: all counsel)(Griesbach, William) |
| 10/21/2020 | 41 | | TEXT ONLY ORDER DENYING AS MOOT 35 Motion to Dismiss Claims with Prejudice to Facilitate Appellate Review, filed by Anniken Prosser, signed |

| | | | |
|---|---|---|---|
| | | | by Judge William C Griesbach on 10/21/2020. (cc: all counsel)(Griesbach, William) |
| 10/21/2020 | 42 | | JUDGMENT entered by Deputy Clerk dismissing this action for lack of standing; approved by Judge William C Griesbach on 10/21/2020. (cc: all counsel)(tlf) |
| 10/22/2020 | 43 | | NOTICE OF APPEAL as to 41 Text Only Order, 40 Order, 21 Order,,, Terminate Motions,, 29 Order, by Anniken Prosser. Filing Fee PAID $505, receipt number AWIEDC−3613025 (cc: all counsel) (Leffel, Michael) |
| 10/22/2020 | 44 | | Docketing Statement by Anniken Prosser re 43 Notice of Appeal (cc: all counsel) (Leffel, Michael) |
| 10/22/2020 | 45 | | Attorney Cover Letter re: 43 Notice of Appeal. (tlf) |

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF WISCONSIN

ANNIKEN PROSSER

*Plaintiff,*

v.

Case No. 20-cv-194

ALEX AZAR, in his capacity as Secretary
of the United States Department of Health
and Human Services,

*Defendant.*

# NOTICE OF APPEAL

NOTICE IS HEREBY GIVEN that ANNIKEN PROSSER, plaintiff in the above named case, hereby appeals to the United States Court of Appeals for the Seventh Circuit the Final Judgment issued by the United States District Court for the Eastern District of Wisconsin (the "District Court") on October 21, 2020 [Doc. 42] and, in particular, appeals, without limitation, the following four orders made final by the District Court's Final Judgment:

1.      The Decision and Order entered on July 6, 2020 [Doc. 21], which denied Plaintiff's Motion for Summary Judgment and granted Defendant's Cross-Motion for Summary Judgment;

2.      The Decision and Order entered on September 24, 2020 [Doc. 29], which denied Plaintiff's Motion for Reconsideration of the District Court's July 6, 2020 Decision and Order and Alternative Motion for §1929(b) Certification.

3.      The Decision and Order entered on October 21, 2020 [Doc. 40], which granted Defendant's Motion for Summary Judgment for Lack of Standing; and

4.      The Order entered on October 21, 2020 [Doc. 41], which denied as moot Plaintiff's Motion to Dismiss with Prejudice to Facilitate Appellate Review.

4822-0482-4015.3

Respectfully submitted,

Dated:  October 22, 2020

PARRISH LAW OFFICES
*Attorney for Plaintiff*
By: James C. Pistorino
788 Washington Road
Pittsburgh, PA 15228
Telephone: (412) 561-6250
james@dparrishlaw.com

DAVIS & PLEDL, SC
*Attorneys for Plaintiff*
By: Robert Theine Pledl
By: Victoria Davis Davila
1433 N. Water Street – Suite 400
Milwaukee, WI 53202
Telephone: (414) 488-1354
rtp@davisandpledl.com
vldd@davisandpledl.com

FOLEY & LARDNER LLP
*Attorneys for Plaintiff*
/s/ Michael Leffel
By: David B. Goroff
321 N. Clark Street, Suite 3000
Chicago, IL 60654
Telephone: 312-832-4500
By: Michael Leffel
150 East Gilman Street, Suite 5000
Madison, WI 53703-1482
Telephone: 608-257-5035
dgoroff@foley.com
mleffel@foley.com

4822-0482-4015.3

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was served on this

22nd day of October, 2020 on all counsel of record by using the CM/ECF system.

By: */s/ Michael Leffel* _____
Michael Leffel

4822-0482-4015.3

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

ANNIKEN PROSSER,

*Plaintiff,*

v.                                                    Case No. 20-cv-194

ALEX AZAR, in his capacity as Secretary
of the United States Department of Health
and Human Services,

*Defendant.*

## SEVENTH CIRCUIT RULE 3(c) DOCKETING STATEMENT OF PLAINTIFF, ANNIKEN PROSSER

Plaintiff Anniken Prosser ("Prosser"), by her undersigned counsel, respectfully submits this Docketing Statement pursuant to Circuit Rule 3(c)(1) of the United States Court of Appeals for the Seventh Circuit.

## I. DISTRICT COURT JURISDICTION.

The United States District Court for the Eastern District of Wisconsin (the "District Court") has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1331 (federal question) and 42 U.S.C. §§ 405(g) and 1395ff. Plaintiff filed this suit after the Medicare Appeals Council (acting on behalf Defendant Secretary Alex Azar) issued final decisions denying coverage on Plaintiff's Medicare claims, thereby exhausting her administrative remedies. The amount-in-controversy exceeds $1,630 (42 U.S.C. §§ 1395ff(b)(1)(E)(i) and 1395ff(b)(1)(E)(iii)), and this suit was filed within 60 days of the Secretary's final decision, as a result of escalation. *See* 42 C.F.R. § 405.1016(f).

## II. APPELLATE COURT JURISDICTION.

28 U.S.C. § 1291 and 28 U.S.C. § 1294 confer jurisdiction over this appeal on the United States Court of Appeals for the Seventh Circuit. Final Judgment was entered on October 21, 2020,

4846-1081-5183.4

which, without limitation, made final four of the District Court's orders subject to this appeal: (1) its July 6, 2020 Decision and Order (the "July 6 Order") denying Plaintiff's motion for summary judgment and granting Defendant's cross-motion for summary judgment; (2) its September 24, 2020 Decision and Order denying Plaintiff's motion for reconsideration of the July 6 Order; (3) its October 21, 2020 Decision and Order granting Defendant's motion for summary judgment for lack of standing; and (4) its October 21, 2020 Order denying as moot Plaintiff's motion to dismiss with prejudice to facilitate appellate review. Plaintiff's Notice of Appeal was timely filed with the District Court on October 22, 2020, concurrent with the filing of this Docketing Statement.

This case is not a direct appeal from the decision of a magistrate judge.

## III. THIS IS AN APPEAL OF AN IMMEDIATELY APPEALABLE FINAL JUDGMENT.

As noted above, a final appealable judgment was entered by the District Court on October 21, 2020. This is a civil appeal as a matter of right pursuant to Federal Rule of Appellate Procedure 3(a) and Circuit Rule 3(a).

## IV. PRIOR OR RELATED APPELLATE PROCEEDINGS.

There have been no prior or related appellate proceedings in this case.

## V. ADDITIONAL REQUIREMENTS OF CIRCUIT RULE 3(C)(1).

This is a civil case that does not involve any criminal convictions. 28 U.S.C. § 1915(g) is inapplicable.

Defendant Alex Azar appears in this litigation in his official capacity as Secretary of the United States Department of Health and Human Services and currently occupies the same office.

This case does not involve a collateral attack on a criminal conviction.

Respectfully submitted this 22th day of October, 2020.

4846-1081-5183.4

Case 1:20-cv-00094-WCG Filed 10/22/20 Page 10 of 38 Document 46
Case 1:20-cv-00094-WCG Filed 10/22/20 Page 11 of 38 Document 46

**PARRISH LAW OFFICES**

James C. Pistorino (Counsel of Record)
788 Washington Road
Pittsburg, PA 15228
Telephone: (412) 561-6250
james@dparrishlaw.com

**DAVIS & PLEDL, SC**

Robert Theine Pledl
Victoria Davis Davila
1433 N. Water Street – Suite 400
Milwaukee, WI 53202
Telephone: (414) 488-1354
rtp@davisandpledl.com
vldd@davisandpledl.com

**FOLEY & LARDNER LLP**

David B. Goroff
Michael Leffel
321 N. Clark Street, Suite 3000
Chicago, IL 60654
Telephone: (312) 832-5160
dgoroff@foley.com

/s/ Michael Leffel
Michael Leffel
150 E. Gilman Street, Suite 5000
Madison, WI 53703
Telephone: (608) 257-5035
mleffel@foley.com

***Attorneys for Plaintiff Anniken Prosser***

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was served on this

22nd day of October, 2020 on all counsel of record by using the CM/ECF system.


By: _/s/ Michael Leffel_
Michael Leffel

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

DAVID CHRISTENSON and
ANNIKEN PROSSER,

          Plaintiffs,

     v.                                   Case No. 20-C-194

ALEX AZAR
in his capacity as Secretary of the
United States Department of
Health and Human Services,

          Defendant.

---

## DECISION AND ORDER

---

      Plaintiffs David Christenson and Anniken Prosser filed this action for judicial review of a decision by the Secretary of the United States Department of Health and Human Services (HHS) pursuant to 42 U.S.C. § 405(g) and 42 U.S.C. § 1395ff.  Plaintiffs, who were diagnosed with glioblastoma multiforme (GBM), an incurable form of brain cancer, both used a medical device to undergo tumor treatment field therapy (TTFT).  After Medicare denied coverage for their TTFT treatment, Plaintiffs were issued both favorable and unfavorable decisions from administrative law judges (ALJs) for subsequent claims.  The parties have filed cross-motions for summary judgment, disputing whether the common law doctrine of collateral estoppel precludes the Secretary from denying Medicare coverage to Plaintiffs based on ALJ-level decisions.  Shortly before briefing was complete, the court was informed that Mr. Christenson had passed away.  Counsel advised the court that substitution of parties was not anticipated and that, in counsel's view, no case or controversy as to his claim remained.  Based on counsel's representation, this decision and order will be effective as to Ms. Prosser's claim alone.  For the reasons that follow, her motion for

summary judgment will be denied and the Secretary's motion for summary judgment will be granted.

## BACKGROUND

Medicare, passed by Congress in 1965 as Title XVIII of the Social Security Act, 42 U.S.C. § 1395 *et seq.*, is a federal health insurance program that provides subsidized coverage to its recipients. Medicare is administered by the Secretary of HHS through the Centers for Medicare & Medicaid Services (CMS). "Fee-for-service" Medicare consists of Part A, 42 U.S.C. § 1395c *et seq.*, and Part B, 42 U.S.C. § 1395j *et seq.* Part A of Medicare provides insurance for in-patient hospital and related post-hospital services. Part B of Medicare provides supplemental coverage for additional types of services, including outpatient care and durable medical equipment.

Part B of Medicare does not cover medical services which "are not reasonable and necessary for the diagnosis or treatment of illness or injury or to improve the functioning of a malformed body member." 42 U.S.C. § 1395y(a)(1)(A). Medicare sets forth coverage determinations that are used to determine if medical services are reasonable and necessary. A National Coverage Determination (NCD) is a "determination by the Secretary of whether a particular item or service is covered nationally under Medicare." 42 C.F.R. § 405.1060(a)(1). Individual beneficiaries initially submit claims to contractors who "[d]etermine if the items and services furnished are covered or otherwise reimbursable" under Medicare. 42 C.F.R. § 405.920(a). Such contractors may also use a Local Coverage Determination (LCD) to determine if services and items are covered. 42 U.S.C. § 1395ff(f)(2)(B). Separate from challenges of individual benefit determinations, Medicare provides administrative avenues for challenging the coverage determinations of NCDs and LCDs before they are subject to judicial review. 42 U.S.C. §§ 1395ff(f)(1)–(2).

Medicare beneficiaries may challenge adverse determinations by first seeking administrative remedies through the statute's multi-step claim and appeal system and then by filing a civil action in federal court. 42 U.S.C. § 1395ff(b)(1)(A). The first step in the administrative appeal process requires the beneficiary to seek "redetermination" from the contractor who initially processed the claim. 42 U.S.C. § 1395ff(a)(3)(B)(i). Next, the beneficiary may seek "reconsideration" from a qualified independent contractor. 42 U.S.C. §§ 1395ff(c)(1). Within 60 days of receiving an unsatisfactory decision from a qualified independent contractor, the beneficiary may submit a written request for a hearing with an ALJ. 42 C.F.R. § 405.1002(a)(1). If the beneficiary wishes to challenge the ALJ's decision, review must first be requested by the Medicare Appeals Council (Council). 42 C.F.R. § 405.1048(a). The Council, a division of the Departmental Appeals Board of HHS, must review or dismiss the request within 90 days. 42 C.F.R. § 405.1100(c). Failure by the Council to review within this time period permits a beneficiary to seek "escalation" of the claim to federal district court. 42 C.F.R. § 405.1132(a). If a beneficiary wishes to challenge a decision of the Council (or receives notice from the Council that it is unable to review the claim), the beneficiary has 60 days to file in federal district court. 42 C.F.R. § 405.1130; 42 C.F.R. § 405.1132(a).

The court briefly summarizes the Plaintiffs' facts, noting, however, that the parties have not placed them in dispute for purposes of this motion. Plaintiff's motion for summary judgment addresses whether the common law doctrine of collateral estoppel applies to ALJ-level decisions and does not discuss whether the ALJ decisions issued to Plaintiffs are supported by substantial evidence.

Plaintiffs were diagnosed with glioblastoma multiforme (GBM), an incurable form of brain cancer. Both were treated with tumor treatment field therapy (TTFT), using a device called NovoTTF-100A, which was rebranded as Optune and manufactured by Novocure. R. 293.

3

Case 1:20-cv-00194-WCG   Filed 10/22/20   Page 16 of 38   Document 46
Case 1:20-cv-00194-WCG   Document 21   Filed 07/06/20   Page 3 of 16

Plaintiff David Christenson was diagnosed with GBM in July 2015. R. 96. He subsequently underwent surgery and chemotherapy, but the size of his GBM increased. *Id.* He was later prescribed an Optune TTFT device to treat his recurrent GBM. *Id.* Counsel for Plaintiffs informed the court that Christenson passed away on May 8, 2020. Dkt. No. 19. Plaintiff Anniken Prosser was diagnosed with GBM in February 2016. R. 5147. She was prescribed the Optune TTFT device in June 2016 after undergoing surgery, radiation, and chemotherapy. *Id.*

Plaintiffs are not financially liable for their use of the TTFT device at issue in this action. When Medicare denies coverage in certain situations, but both the individual and the provider did not know or could not reasonably have been expected to know that Medicare would not cover the item or services, coverage will nevertheless be provided by Medicare. *See* 42 U.S.C. § 1395pp(a). If, however, the supplier should have reasonably known that Medicare did not cover the treatment, then the supplier may be financially responsible for non-covered charges. *See id.* In some cases, a supplier may enter into an advance waiver with a Medicare beneficiary, thereby placing the risk of Medicare denying coverage on the beneficiary. 42 C.F.R. § 411.400(a), (b). Here, the ALJ decisions reflect that neither Plaintiff signed an advance waiver. *See* R. 74, 5362. Consequently, they will not be financially responsible if it is ultimately determined Medicare does not cover their treatment at issue here. The Secretary does not challenge this finding. *See* Def.'s Br. at 8, Dkt. No. 13.

Ms. Prosser requested Medicare Coverage for her usage of the TTFT device in four different periods. According to Plaintiffs, after her claims were initially denied, she received favorable ALJ decisions approving her claims for the periods of August to October 2018, May to July 2018, and May to August 2019.

Ms. Prosser requested Medicare coverage for her use of the TTFT device for the months of January to April 2018. This claim was denied initially, on redetermination, and on

reconsideration. Ms. Prosser, represented by counsel, requested review by an ALJ. On June 19, 2019, ALJ J. Grow denied coverage for Ms. Prosser's claim. R. 5363. ALJ Grow found that Ms. Prosser's arguments amounted to a challenge of an LCD, for which a separate adjudicative process is available. R. 5362. ALJ Grow concluded that Medicare did not cover use of the TTFT device by Prosser for the contested period. R. 5362–63. Subsequently, Ms. Prosser appealed to the Council. After no decision was issued within 90 days, Ms. Prosser sought escalation, and after receiving no decision, filed in federal district court.

Plaintiffs filed this action alleging six causes of action. Count I seeks reversal of the Secretary's decisions because they are contrary to law, arbitrary and capricious, unsupported by evidence, and an abuse of discretion pursuant to 42 U.S.C. § 405(g). Counts II through VI request relief under provisions of the Administrative Procedures Act (APA). Plaintiffs also seek declaratory relief and a permanent injunction precluding the Secretary from forcing Plaintiffs from relitigating whether their TTFT treatment is a covered benefit under Medicare.

## ANALYSIS

Plaintiffs' motion for summary judgment raises a single issue: whether collateral estoppel precludes the Secretary from denying Plaintiffs' Medicare claims based on the favorable ALJ decisions that they received on other claims. Pl.'s Br. at 5, Dkt. No 9. The Secretary argues that Plaintiffs' request demands prospective relief, as it seeks to bar the Secretary from denying Plaintiffs' future claims by requiring it to order coverage based on favorable ALJ decisions. Plaintiffs deny that they are seeking future relief. Pl.'s Reply Br. at 16, Dkt. No. 16. Despite this contention, in the same brief Plaintiffs argue that "if collateral estoppel is not applied, Mr. Christenson and Mrs. Prosser alone could be the source of as many as eight (8) cases on this Court's docket each year." *Id.* at 34. In their complaint, Plaintiffs also (1) request a declaratory judgment "to declare the rights and legal relations of both Plaintiffs regarding payment of the *past*

5

Case 1:20-cv-00194-WCG   Filed 10/22/20   Page 18 of 38   Document 46
Case 1:20-cv-00194-WCG   Document 21   Filed 07/06/20   Page 5 of 16

*and future monthly claims* for Tumor Treatment Field Therapy by the Medicare program" and (2) request a permanent injunction "directing the Secretary to cover *future* monthly claims for Tumor Treatment Field Therapy made on behalf of the Plaintiffs." Pl.'s Complaint at 9, Dkt. No. 1 (emphasis added).

Based on Plaintiffs' statement in their reply brief that they are not seeking relief on future claims, the court will consider this request withdrawn. The court briefly notes that to the extent Plaintiffs were requesting such relief, it would face a jurisdictional bar. *See Shalala v. Illinois Council on Long Term Care, Inc.*, 529 U.S. 1 (2000) ("All aspects of a present or future benefits claim must be channeled through the administrative process." (citing *Heckler v. Ringer*, 466 U.S. 602, 621–22 (1984)). The court now turns to the sole inquiry advanced in Plaintiff's motion, whether the Secretary is collaterally estopped from denying Plaintiffs coverage based on their receipt of prior ALJ decisions approving their treatment.

Collateral estoppel, or issue preclusion, is a common law doctrine that "bars successive litigation of 'an issue of fact or law' that 'is actually litigated and determined by a valid and final judgment, and . . . is essential to the judgment.'" *Bobby v. Bies*, 556 U.S. 825, 834 (2009) (quoting Restatement (Second) of Judgments § 27 (1980)). In this circuit, collateral estoppel involves showing that

> (1) the issue sought to be precluded [was] the same as that involved in the prior litigation, (2) the issue [was] actually litigated, (3) the determination of the issue [was] essential to the final judgment, and (4) the party against whom estoppel is invoked [was] fully represented in the prior action.

*In re Calvert*, 913 F.3d 697, 701 (7th Cir. 2019) (further citations omitted).

Executive agencies, like HHS, produce rules, regulations, and procedures to carry out their Congressional obligations. An agency's interpretation of its own rules and regulations are afforded substantial deference and generally assigned controlling weight. *See Abraham Lincoln Mem'l Hosp. v. Sebelius*, 698 F.3d 536, 547 (7th Cir. 2012) ("When the construction of an administrative

regulation is at issue, it is well-established that the Secretary's interpretation of her own regulations is entitled to substantial deference." (citing *Thomas Jefferson Univ. v. Shalala*, 512 U.S. 504, 512 (1994))).  As the Supreme Court has explained

> Our task is not to decide which among several competing interpretations best serves the regulatory purpose.  Rather, the agency's interpretation must be given controlling weight unless it is plainly erroneous or inconsistent with the regulation.  In other words, we must defer to the Secretary's interpretation unless an alternative reading is compelled by the regulation's plain language or by other indications of the Secretary's intent at the time of the regulation's promulgation.  This broad deference is all the more warranted when . . . the regulation concerns a complex and highly technical regulatory program in which the identification and classification of relevant criteria necessarily require significant expertise and entail the exercise of judgment grounded in policy concerns.

*Thomas Jefferson Univ.*, 512 U.S. at 512 (internal citations and quotation marks omitted).

The Supreme Court has considered how some administrative and state agency decisions are given preclusive effect in Article III courts.  *Astoria Fed. Sav. & Loan Ass'n v. Solimino* addressed whether a state agency's finding on an age-discrimination claim precluded an issue from being relitigated in federal court on the basis of collateral estoppel.  501 U.S. 104 (1991).  The Court found that the agency's finding had "no preclusive effect on federal proceedings."  *Id.* at 106.

Despite this outcome, Plaintiffs offer *Astoria* as a principal authority.  From this decision, they provide the Court's introduction to the common law doctrines discussed therein as the court's "holding":

> We have long favored application of the common-law doctrines of collateral estoppel (as to issues) and res judicata (as to claims) to those determinations of administrative bodies that have attained finality. When an administrative agency is acting in a judicial capacity and resolves disputed issues of fact properly before it which the parties have had an adequate opportunity to litigate, the courts have not hesitated to apply res judicata to enforce repose. Such repose is justified on the sound and obvious principle of judicial policy that a losing litigant deserves no rematch after a defeat fairly suffered, in adversarial proceedings, on an issue identical in substance to the one he subsequently seeks to raise. To hold otherwise would, as a general matter, impose unjustifiably upon those who have already shouldered their burdens, and drain the resources of an adjudicatory system with

7

Case 1:20-cv-00194-WCG   Filed 10/22/20   Page 20 of 38   Document 46
Case 1:20-cv-00194-WCG   Document 21   Filed 07/06/20   Page 7 of 16

disputes resisting resolution. The principle holds true when a court has resolved an issue, and should do so equally when the issue has been decided by an administrative agency, be it state or federal, which acts in a judicial capacity.

*Id.* at 107–08 (internal quotations and citations omitted). While this excerpt provides some insight on the practical benefits of these common law doctrines, it omits passages more relevant to that case's holding and Plaintiffs' lawsuit. The very next paragraph in *Astoria* explains why: "Courts do not, of course, have free rein to impose rules of preclusion, as a matter of policy, when the interpretation of a statute is at hand. In this context, the question is not whether administrative estoppel is wise but whether it is intended by the legislature." *Id*. at 108. Following this path, the Court found against the application of collateral estoppel: "We reach the same result here, for the Age Act, too, carries an implication that the federal courts should recognize no preclusion by state administrative findings with respect to age-discrimination claims. While the statute contains no express delimitation of the respect owed to state agency findings, its filing requirements make clear that collateral estoppel is not to apply." *Id*. at 110–11.

The parties' arguments begin here: does Medicare, as enacted by Congress, foreclose or endorse the use of collateral estoppel in its administrative review process? Neither party offers statutory language that resolves the question, showing that Congress explicitly addressed principles of issue preclusion. Congress did entrust the Secretary, however, to "promulgate regulations and make initial determinations" with respect to whether an individual is entitled to benefits and the amount of such benefits. 42 U.S.C. §§ 1395ff(a)(1); 1395hh. The statute also makes clear that Medicare coverage determinations are subject to review in federal district court after they proceed through an internal administrative review. *See Ringer*, 466 U.S. at 606 ("Pursuant to her rulemaking authority, see 42 U.S.C. §§ 1395hh, 1395ii (incorporating 42 U.S.C. § 405(a)), the Secretary has provided that a 'final decision' is rendered on a Medicare claim only after the individual claimant has pressed his claim through all designated levels of administrative

8

Case 1:20-cv-00194-WCG   Filed 10/22/20   Page 21 of 38   Document 46
Case 1:20-cv-00194-WCG   Document 21   Filed 07/06/20   Page 8 of 15

review.").  While not addressing collateral estoppel, Congress clearly entrusted the Secretary with overseeing multiple levels of administrative review that must be exhausted before judicial review by an Article III court is appropriate.

In the absence of statutory language speaking directly to the doctrine of collateral estoppel, the court turns to any relevant HHS regulatory guidance.  The Secretary argues that its regulations preclude collateral estoppel and demonstrate that ALJ decisions are not binding.  The Secretary points to regulations that provide that the "Chair of the Department of Health and Human Services Departmental Appeals Board (DAB Chair) may designate a final decision of the Secretary issued by the Medicare Appeals Council . . . as precedential."  42 C.F.R. § 401.109(a).  Decisions so designated "have precedential effect and are binding . . . on all HHS components that adjudicate matters under the jurisdiction of CMS."  42 C.F.R. § 401.109(c).  The Council's "precedential effect" means that its

(1) Legal analysis and interpretation of a Medicare authority or provision is binding and must be followed in future determinations and appeals in which the same authority or provision applies and is still in effect; and

(2) Factual findings are binding and must be applied to future determinations and appeals involving the same parties if the relevant facts are the same and evidence is presented that the underlying factual circumstances have not changed since the issuance of the precedential final decision.

42 C.F.R. § 401.109(d).  It follows that, as the Secretary argues, ALJ decisions are not binding on another ALJ as only Council-level decisions can carry binding effect.  *See also W. Texas LTC Partners, Inc. v. Dep't of Health & Human Servs.*, 843 F.3d 1043, 1047 (5th Cir. 2016) ("[P]rior ALJ decisions are not binding on the DAB or other ALJs."); *Britthaven of Chapel Hill*, DAB No. 2284 (2009) (H.H.S. Nov. 17, 2009) ("We note at the outset that neither the Board nor other ALJs are bound by an ALJ decision."); *Porzecanski v. Azar*, 943 F.3d 472, 477 (D.C. Cir. 2019) ("Because the review generally binds only the parties unless specifically designated as

precedential, a favorable determination in one proceeding does not ensure that future claims will be approved." (citing 42 C.F.R. §§ 401.109, 405.1130, and 405.1048)).

These Medicare regulations reveal an administrative review structure incompatible with applying collateral estoppel at the agency level. To begin, Plaintiffs have not shown that ALJ decisions are "final judgments" as understood for purposes of collateral estoppel, particularly in light of the Secretary's view that his regulations vest the sole authority to deem a Council decision precedential with the chair of the appeals board. As the elements of collateral estoppel suggest, it must at least include sufficient deliberation to show that the issue's determination was "essential" to the final judgment. *See In re Calvert*, 913 F.3d at 701. The Restatement of Judgment informs that "final judgment," with respect to collateral estoppel, is understood to mean "any prior adjudication of an issue in another action that is determined to be sufficiently firm to be accorded conclusive effect." Restatement (Second) of Judgments § 13 (1982). Plaintiffs argue that "the favorable ALJ decisions being invoked for collateral estoppel are final decisions by ALJs within the jurisdiction of the Secretary's Department itself" and become final for purposes of collateral estoppel when the Secretary has not appealed them. Pl's Br. at 25. To bolster this argument, Plaintiffs cite the Supreme Court's recent discussion of § 405(g) where it considered whether the dismissal of a Social Security appeal for untimeliness (at the administrative level) was a "final" decision for purposes of appeal. *See Smith v. Berryhill*, 139 S. Ct. 1765 (2019). However, a decision that was never heard due to its untimeliness or a mere technicality, while appealable under § 405(g), does not mean that it is necessarily final for purposes of issue preclusion. The Restatement suggests more is required.

So, too, does case law: "collateral estoppel precludes relitigation of issues in a subsequent proceeding when . . . the issues which form the basis of the estoppel were actually litigated and *decided on the merits*." *Cook Cty. v. MidCon Corp.*, 773 F.2d 892, 898 (7th Cir. 1985) (emphasis

added).  Plaintiffs do point to the Seventh Circuit's remark that "[t]o be 'final' for purposes of collateral estoppel the decision need only be immune, as a practical matter, to reversal or amendment." *Miller Brewing Co. v. Joseph Schlitz Brewing Co*., 605 F.2d 990, 996 (7th Cir. 1979).  *Miller*, however, was concerned with whether the Seventh Circuit's own decision on an appeal of a preliminary injunction order was "final" for purposes of collateral estoppel, not whether an ALJ's decision was sufficiently final.  And *Miller* cited, approvingly, another discussion of finality that observed that it "may mean little more than that the litigation of a particular issue has reached such a stage that a court sees no really good reason for permitting it to be litigated again." *Id.* (citing *Lummus Co. v. Commonwealth Oil Ref. Co*., 297 F.2d 80, 89 (2d Cir. 1961)).  In the administrative realm, it is not unreasonable or arbitrary for the Secretary to decide what stage deserves preclusive effect.

It is difficult to conclude that, within the multi-layer scheme of internal claim review administered by the Secretary, the early stage of ALJ review is the point at which an issue becomes final for purposes of collateral estoppel.  In considering whether the decision on an issue was "adequately deliberated and firm," comment "g" to the Restatement provides additional factors:

> preclusion should be refused if the decision was avowedly tentative. On the other hand, that the parties were fully heard, that the court supported its decision with a reasoned opinion, that the decision was subject to appeal or was in fact reviewed on appeal, are factors supporting the conclusion that the decision is final for the purpose of preclusion.

Restatement (Second) of Judgments § 13 (1982).  Where, as here, the Secretary's definition of "precedential effect" limits when a decision on the same facts and the same law with the same parties is binding in the *future*, it suggests that the decision at the ALJ level is less deliberately adequate than one rendered by a federal district or state court.  An ALJ hearing where only the claimant appeals to the adjudicator does not lend itself to a process that fully vets the issues as they

are in an adversarial courtroom with multiple third parties. And a decision that by default does not bind the same parties in a future claim on the same issue is more tentative than final.

Plaintiffs argue that whether or not a decision is binding or precedential is unrelated to the application of issue preclusion. The regulation's definition of "precedential effect" undoubtedly shares several elements with that of collateral estoppel, however. If a decision is deemed not to have "precedential effect" on the *same* parties in the future, it necessarily forecloses when and where collateral estoppel can apply. The Secretary's application of his regulation also has support in the Restatement: "[a]n adjudicative determination of an issue by an administrative tribunal does not preclude relitigation of that issue in another tribunal if according preclusive effect to determination of the issue would be incompatible with a legislative policy that: (a) The determination of the tribunal adjudicating the issue is *not to be accorded conclusive effect in subsequent proceedings*." Restatement (Second) of Judgments § 83 (1982) (emphasis added). This understanding is embodied by the Secretary's definition of "precedential effect" and represents a policy decision that Congress has delegated to the Secretary to implement in administering Medicare's internal review process. And while it is true, generally, that trial court decisions do not have precedential effect on non-parties, they certainly have precedential or binding effect on the *same* parties if collateral estoppel or res judicata are appropriate. Such finality does not depend on the decision of a higher administrative body in a multi-level system of agency review to deem the decision as binding on those same parties, but rather the litigants' own decision to appeal or not to appeal.

Finality also involves determining whether the parties were "fully heard." The Secretary did not participate in Plaintiffs' ALJ's hearings, though he is permitted, but not required, to do so by the applicable regulations when a beneficiary is represented by counsel. 42 C.F.R. § 405.1012(a). The Secretary argues that it is administratively impossible to attend each ALJ

hearing, noting that there were over 650,000 appeals pending as of September 2016. Def.'s Br. at 28. Plaintiffs dispute this figure, contending there are significantly fewer beneficiary ALJ appeals filed annually (5,148 in 2019), but the court accepts that even several thousand beneficiary appeals filed annually makes it virtually impossible for the Secretary to be represented at every ALJ-level hearing. Plaintiffs argue that the Secretary's contention that he was not represented at the ALJ hearings is "irrelevant." Pl.'s Reply at 12. Yet, this again suggests that ALJ decisions do not result from a deliberation that resolves the issue in a way both parties are fully represented to form the basis of common law collateral estoppel. The ALJ is the Secretary's assigned adjudicator, not his representative. Put differently, the court cannot conclude that an issue was meaningfully resolved between parties if the agency does not appear on its own accord. This is different from agency tribunals where two adversarial parties appear before an administrative adjudicator. Here, where the agency does not represent itself, the process does not result in the same consideration of the issues that would occur with two or more adversaries in another court. Because it is administratively impossible for the Secretary to represent himself at every ALJ hearing, it would be unreasonable to apply estoppel by default across multiple claims. In delegating the authority to HHS to oversee an internal review of Medicare determinations, Congress afforded the Secretary the discretion to decide where issue preclusion applies. The Secretary's position and its regulations determining when decisions are binding on the same parties in the future are not an unreasonable abuse of its discretion to carry out this task.

Plaintiffs also argue that other decisions show that collateral estoppel applies to administrative decisions. Solely because it applies in some administrative contexts, however, does not mean it applies elsewhere. Medicare's labyrinth review system and myriad regulations suggest an administrative scheme unlike others. One case Plaintiffs cite in support of their contention that administrative decisions can support collateral estoppel is the Supreme Court's decision in *B & B*

*Hardware, Inc. v. Hargis Indus., Inc.*, 575 U.S. 138 (2015). There, the Court considered whether a decision of the Trademark Trial and Appeal Board (TTAB) could operate as collateral estoppel to preclude two private litigants—fastener manufacturers—from disputing whether a trademark was similar. The Court held that "a court should give preclusive effect to TTAB decisions if the ordinary elements of issue preclusion are met." *Id.* at 141–42. Plaintiffs fail to consider how this case was limited to TTAB decisions under the Lanham Act. The Court recognized that "[w]hen exhausting an administrative process is a prerequisite to suit in court, giving preclusive effect to the agency's determination in that very administrative process could render the judicial suit 'strictly pro forma.'" *Id.* at 152 (quoting *Astoria*, 501 U.S. at 111). The Court also noted that in *Astoria* it had "concluded, quite sensibly, that the structure of that scheme indicated that the agency decision could not ground issue preclusion." *Id.*

Extending *B & B Hardware*'s holding here, as Plaintiffs urge, risks rendering judicial review in the Medicare context pro forma. The TTAB decision at issue involved two adversarial parties, a far different posture than a single beneficiary facing an ALJ. And through *Ringer*, the Supreme Court has also already demonstrated how Medicare's agency structure is unlike the one at issue in *B & B Hardware,* as Medicare requires individual claims to be presented and administratively exhausted in a way that further forecloses Plaintiffs' request for the application of collateral estoppel. In *Ringer*, the court explained that a "claim for benefits should be channeled first into the administrative process which Congress has provided for the determination of claims for benefits." 466 U.S. at 614. The Court further observed that "Congress, who surely could have provided a scheme whereby claimants could obtain declaratory judgments about their entitlement to benefits, has instead expressly set up a scheme that requires the presentation of a concrete claim to the Secretary." *Id.* at 625. Applying collateral estoppel as Plaintiffs request would impede these requirements. It would also undermine the purpose of judicial review—following exhaustion of

the Secretary's internal appeal process—if a reviewing court was restricted on grounds of issue preclusion from considering the very issue that is being challenged in the ALJ's decision. Without more, Plaintiffs have failed to demonstrate that it is appropriate to apply the doctrine of collateral estoppel on the basis of ALJ-level decisions in the Medicare context.

Lastly, the court addresses the Secretary's assertion that Plaintiffs have forfeited the opportunity to advance their argument that the contested ALJ decisions are not supported by substantial evidence or to address their other claims. Plaintiffs briefed a single issue in their motion for summary judgment. They did not argue the case on the merits. In other words, they did not contend that the Commissioner's decisions denying their claims were not supported by substantial evidence or resulted from error. Rule 56 of the Federal Rules of Civil Procedure provides that a "party may move for summary judgment, identifying each claim or defense — or the part of each claim or defense — on which summary judgment is sought." Other than addressing the doctrine of collateral estoppel, Plaintiffs' motion did not discuss their other claims arising under the APA.

Generally, "[a]rguments not developed in any meaningful way are waived." *Cent. States, Se. & Sw. Areas Pension Fund v. Midwest Motor Exp., Inc.*, 181 F.3d 799, 808 (7th Cir. 1999). The Seventh Circuit has also observed, however, that "whether a district court may permit a second summary judgment motion when a party neglects to address all of the non-movant's claims in its first motion" is a question "wholly within the court's discretion." *Gordon v. Veneman*, 61 F. App'x 296, 298 (7th Cir. 2003). In an effort to move the case to a prompt determination, the court invited Plaintiffs to seek a determination of their threshold claim that they were entitled to prevail on their claims because the Secretary was collaterally estopped from denying them by virtue of the previous awards. In seeking immediate relief on that basis, Plaintiffs did not forfeit the other grounds on which they seek to challenge the Commissioner's adverse decisions.

**CONCLUSION**

For the foregoing reasons, Plaintiffs have not shown that the Secretary's refusal to apply collateral estoppel on the basis of prior ALJ decisions is arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law. As such, Plaintiffs' motion (Dkt. No. 7) for summary judgment is **DENIED** and Defendants' cross-motion (Dkt. No. 12) for summary judgment is **GRANTED**. But because Mr. Christenson has passed away, the decision is effective only as to the claim of Ms. Prosser. It will be stayed as to Mr. Christenson's claim until such time, if ever, that a proper party is substituted. *See* Fed. R. Civ. P. 25. The Clerk is directed to set this matter on the court's calendar to set a briefing schedule for addressing Plaintiffs' remaining issues.

**SO ORDERED** at Green Bay, Wisconsin this 6th day of July, 2020.

s/ William C. Griesbach
William C. Griesbach
United States District Judge

# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF WISCONSIN

---

ANNIKEN PROSSER,

       Plaintiff,

    v.                                Case No. 20-C-194

ALEX AZAR
in his capacity as Secretary of the
United States Department of
Health and Human Services,

       Defendant.

---

## DECISION AND ORDER DENYING MOTION FOR RECONSIDERATION

---

On July 6, 2020, I denied Plaintiff's motion for summary judgment and granted the Secretary's cross-motion for summary judgment. Plaintiff moves for relief under Fed. R. Civ. P. 60(b)(6) or, alternatively, asks the court for certification of an immediate appeal pursuant to 28 U.S.C. § 1292(b). Dkt. No. 23. In the decision and order at issue, I denied Plaintiff's motion that requested summary judgment be granted in Plaintiff's favor on the basis that the common law doctrine of collateral estoppel precluded the Secretary from denying Medicare coverage to Plaintiff based on favorable decisions previously granted to Plaintiff from administrative law judges. Because this decision was not in error, Plaintiff's motion for reconsideration will be denied. I also do not find grounds to certify an immediate appeal.

### I. Motion for Reconsideration

Motions for reconsideration serve a limited function. They are necessary to correct manifest errors of law or fact or to present newly discovered evidence. *See Caisse Nationale de Credit v. CBI Industries*, 90 F.3d 1264, 1269 (7th Cir. 1996). They are not a vehicle for losing

parties to reargue issues decided against them. *Id.* at 1270. A "manifest error of law" "is not demonstrated by the disappointment of the losing party. It is the 'wholesale disregard, misapplication, or failure to recognize controlling precedent.'" *Oto v. Metropolitan Life Ins. Co.*, 224 F.3d 601, 606 (7th Cir. 2000) (quoting *Sedrak v. Callahan*, 987 F. Supp. 1063, 1069 (N.D. Ill. 1997)).

Plaintiff argues that it was manifest error for the court to review the Medicare regulations after it determined that Congress did not "speak directly" on the issue of collateral estoppel with respect to Medicare. However, this was not legal error. Even when Congress does not speak directly on an issue, it can delegate administrative authority directly or indirectly. This is exactly what *Astoria* considered as well, explaining that the "interpretative presumption" that collateral estoppel applies on the basis of common law principles "is not, however, one that entails a requirement of clear statement, to the effect that Congress must state precisely any intention to overcome the presumption's application to a given statutory scheme." *Astoria Fed. Sav. & Loan Ass'n v. Solimino*, 501 U.S. 104, 108 (1991). The Supreme Court also explained that "[a]lthough administrative estoppel is favored as a matter of general policy, its suitability may vary according to the specific context of the rights at stake, the power of the agency, and the relative adequacy of agency procedures." *Id.* at 109–10. While this court observed that Congress did not by name address the doctrine of collateral estoppel in the Medicare Act, it stated that Congress delegated the authority to decide if it applied at the administrative level to the Secretary. *See* Dkt. No. 21 at 9 ("Congress clearly entrusted the Secretary with overseeing multiple levels of administrative review that must be exhausted before judicial review by an Article III court is appropriate."); *see also Heckler v. Ringer*, 466 U.S. 602, 621–22 (1984). In sum, the court was not confused about what Congress "says in statutes" and what the Secretary does by regulation, as Plaintiff contends.

The court properly found that Congress delegated to the Secretary the authority to administer his internal claim-resolution process and that his regulations reasonably preclude the application of collateral estoppel to ALJ-level decisions. This was not manifest error.

Plaintiff also argues that the court improperly placed the burden to show collateral estoppel on Plaintiff. Plaintiff did not present this issue in her motion for summary judgment. Nor has Plaintiff adequately explained how the court put this inappropriate burden on her. In its decision, the court stated that "[w]ithout more, Plaintiffs have failed to demonstrate that it is appropriate to apply the doctrine of collateral estoppel on the basis of ALJ-level decisions in the Medicare context." Dkt. No. 21 at 15. This statement referred to the merits of Plaintiff's arguments in support of her motion for summary judgment. It had nothing to do with analyzing who bore the burden to show collateral estoppel applied. As the Secretary points out, it is not clear that Plaintiff herself did not bear this burden. *See, e.g.*, *In re Calvert*, 913 F.3d 697, 701 (7th Cir. 2019) (stating that the "party invoking preclusion must show that" the elements of preclusion apply). This argument fails to merit granting reconsideration.

Plaintiff's other arguments also fall short of what is required to grant a motion for reconsideration. Nor has Plaintiff brought any new evidence to light. In short, Plaintiff has failed to demonstrate that the court made a manifest error in its application of constitutional law or otherwise. Accordingly, the motion for reconsideration will be denied.

### II. Motion to Certify Appeal Under 28 U.S.C. § 1292(b)

Alternatively, Plaintiff asks for certification of an immediate appeal pursuant to 28 U.S.C. § 1292(b), which allows for the appeal of an otherwise unappealable order. The invocation of § 1292(b) must be limited to "exceptional cases" in which an appellate decision "may obviate the need for protracted and expensive litigation . . . ." *Fed. Deposit Ins. Corp. v. First Nat'l Bank of*

*Waukesha, Wisconsin*, 604 F. Supp. 616, 620 (E.D. Wis. 1985). To guide the district court, there are four statutory criteria for the grant of a § 1292(b) petition: (1) there must be a question of law, (2) it must be controlling, (3) it must be contestable, and (4) its resolution must promise to speed up the litigation. *Ahrenholz v. Bd. of Trustees of Univ. of Illinois*, 219 F.3d 674, 675 (7th Cir. 2000).

I am unconvinced that the question Plaintiff seeks to have certified would speed up the litigation if resolved by the court of appeals at this stage. As Plaintiff herself states, this court's decision concerned "the meaning of statutory provisions, regulations, and a common law doctrine." Dkt. No. 24 at 12. The court did not determine whether the elements of collateral estoppel applied to the facts of Plaintiff's ALJ-level decisions, but if the doctrine was even applicable as a matter of law. This is reflected in the question Plaintiff asks the court to certify:

> Does collateral estoppel apply to Medicare cases, where the decision on which collateral estoppel is based was not designated "precedential" by the Medicare Appeals Council and where the beneficiary was represented?

Dkt. No. 28 at 7.

Immediate resolution of this question at the appellate level would not speed up this litigation. First, even if the court of appeals decided this issue in Plaintiff's favor, the case would be remanded to the district court. This court's decision did not apply the elements of collateral estoppel to Plaintiff's administrative record, which spans several ALJ decisions and thousands of pages of medical records. Second, if the court of appeals did not find collateral estoppel applied, litigation could continue on several other claims that were pleaded in Plaintiff's complaint and on which she did not move for summary judgment in her motion before this court. Dkt. No. 7. In sum, either route entails further litigation. Accordingly, as certifying an immediate appeal at this stage would not promise to avoid further litigation or delay, Plaintiff's request is denied.

4

**CONCLUSION**

For the foregoing reasons, Plaintiff's motion for reconsideration or, alternatively, for § 1292(b) certification is **DENIED**. The Clerk is directed to set the case on the calendar for further scheduling with the parties.

**SO ORDERED** at Green Bay, Wisconsin this 24th day of September, 2020.

s/ William C. Griesbach
William C. Griesbach
United States District Judge

5

Case 1:20-cv-00094-WCG   Filed 10/22/20   Page 34/2438   Document 46
Case 1:20-cv-00094-WCG   Document 20   Filed 09/24/20   Page 5 of 5

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

ANNIKEN PROSSER,

        Plaintiff,

    v.                                      Case No. 20-C-194

ALEX AZAR
in his capacity as Secretary of the
United States Department of
Health and Human Services,

        Defendant.

---

**DECISION AND ORDER GRANTING MOTION
FOR SUMMARY JUDGMENT FOR LACK OF STANDING**

---

Plaintiff Anniken Prosser, a Medicare recipient, suffers from glioblastoma multiforme (GBM), a form of brain cancer, for which she has been prescribed and uses a medical device to undergo tumor treatment field therapy (TTFT). Although she has received several favorable decisions from ALJs affirming Medicare coverage for TTFT, an ALJ subsequently rejected her claims. She commenced this action and moved for summary judgment based on the previous favorable decisions. On July 6, 2020, I denied Plaintiff's motion for summary judgment and granted the Secretary's cross-motion for summary judgment on the issue of collateral estoppel. On September 24, 2020, I denied Plaintiff's motion for reconsideration or, alternatively, for certification of an immediate appeal under 28 U.S.C. § 1292(b). The case is again before the court on the Secretary's motion for summary judgment on the ground that Plaintiff lacks standing. Given the need for a prompt decision if Plaintiff is to obtain appellate review, I will be brief and rely upon the decision of United States District Judge David O. Carter of the Central District of

California in *Pehoviack v. Azar*, No. SA CV 20-00661-DOC-KES, 2020 WL 4810961 (C.D. Cal. July 22, 2020), addressing the same issue, though I recognize the plaintiff in that case subsequently passed away and appellate review is therefore precluded.

This action must be dismissed because Plaintiff lacks Article III standing. It is undisputed that Novocure, the supplier of Plaintiff's TTFT device—not Plaintiff herself—is "financially liable" and "responsible" for the costs of the TTFT treatment. Because Plaintiff has not suffered any concrete injury sufficient to confer Article III standing, this court lacks jurisdiction over her case. Although Plaintiff argues in her Opposition that she may be held personally liable for future treatments, or that her TTFT supplier might require her to sign an agreement assuming liability for the costs of future Medicare denials, these potential injuries have not come to pass and are too speculative to establish standing. Accordingly, the Secretary's motion for summary judgment is granted and this case is dismissed for lack of standing. The Clerk is directed to enter judgment forthwith.

**SO ORDERED** at Green Bay, Wisconsin this 21st day of October, 2020.

s/ William C. Griesbach
William C. Griesbach
United States District Judge

```
MIME-Version:1.0
From:ecfmaster@wied.uscourts.gov
To:ecfmaster@wied.uscourts.gov
Bcc:
--Case Participants: Christian R Larsen (caseview.ecf@usdoj.gov, chris.larsen@usdoj.gov,
lisa.luetke@usdoj.gov), James Pistorino (james.pistorino@gmail.com), Robert Theine Pledl
(rtp@davisandpledl.com), Judge William C Griesbach (alyssa_kempke@wied.uscourts.gov,
leakhena_au@wied.uscourts.gov, mary_fisher@wied.uscourts.gov,
terri_ficek@wied.uscourts.gov, william_griesbach@wied.uscourts.gov)
--Non Case Participants:
--No Notice Sent:

Message-Id:3925128@wied.uscourts.gov
Subject:Activity in Case 1:20-cv-00194-WCG Prosser v. Azar Text Only Order
```
Content–Type: text/html

**United States District Court**

**Eastern District of Wisconsin**

**Notice of Electronic Filing**

The following transaction was entered on 10/21/2020 at 2:30 PM CDT and filed on 10/21/2020

| | |
|---|---|
| **Case Name:** | Prosser v. Azar |
| **Case Number:** | 1:20–cv–00194–WCG |
| **Filer:** | |
| **Document Number:** | 41(No document attached) |

**Docket Text:**
 **TEXT ONLY ORDER DENYING AS MOOT [35] Motion to Dismiss Claims with Prejudice to Facilitate Appellate Review, filed by Anniken Prosser, signed by Judge William C Griesbach on 10/21/2020. (cc: all counsel)(Griesbach, William)**

**1:20–cv–00194–WCG Notice has been electronically mailed to:**

Christian R Larsen &nbsp &nbsp chris.larsen@usdoj.gov, CaseView.ECF@usdoj.gov, lisa.luetke@usdoj.gov

James Pistorino &nbsp &nbsp james.pistorino@gmail.com

Robert Theine Pledl &nbsp &nbsp rtp@davisandpledl.com

**1:20–cv–00194–WCG Notice has been delivered by other means to:**

# United States District Court

## EASTERN DISTRICT OF WISCONSIN

ANNIKEN PROSSER,

    Plaintiff,

           **JUDGMENT IN A CIVIL CASE**

   v.          Case No. 20-C-194

ALEX AZAR,
in his capacity as Secretary of
the United States Department
of Health and Human Services,

    Defendant.

---

☐ **Jury Verdict.** This action came before the Court for a trial by jury. The issues have been
  tried and the jury has rendered its verdict

☒ **Decision by Court.** This action came before the Court for consideration.

  **IT IS HEREBY ORDERED AND ADJUDGED** that Anniken Prosser takes nothing and
this action is dismissed for lack of standing.


       Approved: <u>s/ William C. Griesbach</u>
             WILLIAM C. GRIESBACH
             United States District Judge

Dated: October 21, 2020


            GINA M. COLLETTI
            Clerk of Court

            <u>s/ Terri Lynn Ficek</u>
            (By) Deputy Clerk